Curtin, J.
This is a Dist./Mun. Cts. R A. D. A., Rule 8A appeal by plaintiff Carlos Sanabia ("Sanabia”) of the entry of summary judgment in favor of defendant Travelers Insurance Company (‘Travelers”) on Sanabia’s G.L.c. 90, §34M claim for Personal Injury Protection benefits (“PIFO •
Sanabia filed a small claims action against Travelers to recover PIP benefits for chiropractic expenses allegedly incurred for the treatment of injuries he sustained in a motor vehicle accident The court allowed Travelers’ motion to transfer the case to the regular civil docket Travelers then moved to join or to substitute Robert Magner, D.C. as a party plaintiff on the grounds that Sanabia had assigned his rights to insurance payments for the chiropractic services he received to Dr. Magner. Over Sanabia’s objection, the court allowed Travelers’ motion to join Dr. Magner as a plaintiff.[1]
Shortly after Dr. Magner was joined as a plaintiff, Travelers moved for summary judgment.[2] In support of its Mass. R. Civ. R, Rule 56 motion, Travelers filed the *47 affidavit of one Betty Robinson (“Robinson”), a senior claims representative at Travelers. Robinson’s affidavit was devoid of any factual assertions material to the motion, and stated only that various attached exhibits were true and accurate copies. The attached exhibits consisted of the following: (1) a December 12,1994 letter from Dr. Richard Bucldey-Sittinger, a doctor of chiropractic, in which he opined that there was no medical necessity for two diagnostic procedures performed by Dr. Magner on Sanabia; (2) a copy of a complaint filed with the Board of Registration of Chiropractors (“the Board”) against Dr. Magner and Chiropractic Clinic Care by one Rosemary Szalkowski (“Szalkowski”) of Premier Insurance Co.[3] which alleged “overutilization — Section 4:15” in the treatment of Sanabia’s injuries arising out of the automobile accident in question herein; (3) a reply letter from the Board acknowledging receipt of Szalkowski’s complaint; and (4) a June 25,1996 Consent Agreement entered into by the Board and Dr. Magner in which Magner admitted that there were sufficient facts which would have permitted the Board to find that, in treating Sanabia and two other individuals, Magner violated the Board’s regulations for negligent practice, unprofessional conduct and failure to maintain accurate treatment records.
Sanabia filed a written opposition to Travelers’ summary judgment motion on the grounds that the Robinson affidavit was insufficient to satisfy Travelers’ Rule 56 burden of demonstrating by undisputed facts that it was entitled to a judgment in its favor as a matter of law.
After hearing, the court allowed Travelers’ motion for summary judgment, endorsing its disposition as follows:
upon finding that plaintiff’s claim is wholly without merit and that services provided to him by medical providers were unnecessary as evidenced by Commonwealth’s suspension of provider’s license to practice for overutilization.
This appeal followed.
1. To recover on a G.L.c. 90, §34M claim for PIP reimbursement for medical expenses, the burden of proof is on the plaintiff to establish by a preponderance of the evidence that the medical services he received were necessary and that the bills or charges for such services were reasonable. Victum v. Martin, 367 Mass. 404, 408 (1975); Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 71. To prevail on its motion for summary judgment on Sanabia’s §34M claim in this action, the burden was on Travelers to demonstrate by competent affidavits or other Rule 56 (c) materials that there was no genuine issue of material fact and that Travelers was entitled to judgment as a matter of law, Massachusetts Hosp. Assn., Inc. v. Department of Public Welfare, 419 Mass. 644, 649 (1995), because Sanabia had no “reasonable expectation” of proving an essential element of his case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Murphy v. Duxbury, 40 Mass. App. Ct. 513, 514 (1996). As Travelers failed to satisfy its Rule 56 burden, its motion for summary judgment should have been denied.
2. First, the materials advanced by Travelers were not presented “in a form appropriate for consideration on a motion for summary judgment.” Roe v. Federal Ins. Co., 412 Mass. 43, 44 n.4 (1992). The affidavit of Robinson, Travelers’ senior claim representative, contained no facts material to the merits of Sanabia’s claim, and failed to satisfy Rule 56(e) requirements that affidavits be based on personal knowledge, set forth facts admissible in evidence, see Godbout v. Cousens, 396 *48 Mass. 254, 257 (1985); Fowles v. Lingos, 30 Mass. App. Ct. 435, 439 (1991), and show affirmatively the affiant’s competence to testify to the matters stated therein. Samuel v. Brooks, 25 Mass. App. Ct. 421, 429 (1988); T & J Wholesale, Inc. v. Kavlakian, 1998 Mass. App. Div. 99, 100.
Clearly, Robinson was not competent to give a medical opinion as to the necessity of Sanabia’s chiropractic treatments, or to attest to the truth of the contents of the opinion letter of Dr. Buddey-Sittinger attached to her affidavit. Merely annexing Buckley-Sittinger’s letter to Robinson’s affidavit did not alter the fact that the unsworn letter, offered for the truth of its contents, was hearsay.[4] It is established that hearsay statements are insufficient to satisfy a moving party’s summary judgment burden. Symmons v. O’Keefe, 419 Mass. 288, 295 (1995). Similarly, Robinson’s characterization of the additional document attached to her affidavit as a “true and accurate” copy of the Consent Agreement between the Board and Dr. Magner did not transform the document into the “sworn or certified copy” required by Rule 56 (e). See Roe v. Federal Ins. Co., supra at n.4.
3. Second, even if the motion judge elected, in the absence of a motion to strike by Sanabia, to consider the materials in the form advanced by Travelers, see Madsen v. Erwin, 395 Mass. 715, 721 (1985); Jackson v. Commissioner of Correc., 39 Mass. App. Ct. 566, 568 n.4 (1995), there was nothing in such materials which established that Sanabia’s chiropractic treatments were medically unnecessary and that Travelers was thus entitled to a judgment in its favor on Sanabia’s PIP claim as a matter of law.
Dr. Buckley-Sittinger’s opinion letter did not state that there was no medical necessity for any of Sanabia’s chiropractic treatments. The letter in question was limited to Dr. Buckley-Sittinger’s evaluation of only two, specific diagnostic procedures (Full Spine Surface Paraspinal Electromyography and computerized X-ray analyses) conducted on two specific dates which constituted only “part of his [Sanabia’s] chiropractic care by Dr. Robert Magner.” While Travelers contends that Sanabia’s complaint in this action was limited to a claim for PIP payments for those two specific procedures, there is nothing in the Rule 56 materials before this Division which makes that connection. If the Rule 8A expedited appeal record prepared by Sanabia’s counsel failed to constitute an adequate and complete trial record, the burden was on Travelers to file a timely objection to such record pursuant to Rule 8A(b). See Scalia v. Liberty Mut. Ins. Co., supra at 71. As Travelers did not object to Sanabia’s expedited appeal, it must be assumed that the record on appeal is complete, and that there were no additional summary judgment materials before the motion judge which identified the unpaid chiropractic bills upon which Sanabia’s complaint is based as the bills for the two diagnostic tests in question. Viewing the evidence in the light most favorable to Sanabia, as the party opposing summary judgment, Augat, Inc. v. Liberty Mutual Ins. Co., 410 Mass. 117, 120 (1991), the Bucldey-Sit-tinger letter was not only hearsay, but also inconclusive at best.
In any event, it would appear from the motion judge’s notation on his allowance of Travelers’ motion that he based his ruling primarily on the Consent Agreement between the Board and Dr. Magner. Again, however, there is nothing in the Consent Agreement which is relevant to the issue of the medical necessity of Sanabia’s chiropractic treatment. Szalkowski’s complaint, apparently filed by Travelers itself, to the Board merely alleged suspected overutilization by Dr. Magner in Sanabia’s case in violation of 233 CMR 4.15. Section 4.15 of the applicable Regulations[5] cited *49 by Szalkowski as authority for Travelers’ complaint prohibited “Excessive Treatment and Billing of People Involved in Automobile Accidents.” Overutilization was actually covered by 233 CMR 4.06, and prohibited chiropractic practices which are “excessive in quality or amount to the needs of the patient.” Whether viewed as a charge of “excessive treatment” under §4.15 or “overutilization” under §4.06, Sza-lkowski’s complaint amounted to nothing more than an allegation by Travelers, and did not constitute evidence in support of Travelers’ Rule 56 motion in this case.
More significantly, the Board did not make a finding of sufficient facts to support Traveler’s allegation that there was any “excessive treatment” or “overutilization” in Sanabia’s case in violation of §4.15 or §4.06. Contrary to Travelers’ argument, the Consent Agreement between the Board and Dr. Magner which resulted in Magner’s temporary suspension from practice was expressly based on violations of three very different sections of the 1993 Regulations; namely, 233 CMR 4.04(1), 4.04(6) and 4.08. Section 4.04(1) dealt specifically and exclusively with the failure to maintain adequate treatment records. Section 4.04(6) stated that any violation of any section of 4.04 constituted “unprofessional conduct.” Thus having found a violation of §4.04(1) for inadequate records, the Board necessarily concluded that there was also “unprofessional conduct” for such deficient recordkeeping under §4.04(6). Finally, the Consent Agreement recognized sufficient facts warranting a finding of a violation of §4.08 which prohibited “negligent malpractice,” a charge consistent with the Board’s finding of inadequate record-keeping. There is, in short, nothing in the Consent Agreement to support Travelers’ allegation that the chiropractic services provided to Sanabia were not medically necessary, and thus nothing which satisfied Travelers’ Rule 56 burden of proving that it was entitled as a matter of law to judgment on Sanabia’s G.L.c. 90, §34M claim.
4. As Travelers failed to “clearly show that there is an absence of evidence to support the nomnoving party’s case,” Tate v. Department of Mental Health, 419 Mass. 356, 360 (1995), its motion should have been denied. Under such circumstances, the burden never shifted to Sanabia, as the opposing party, to demonstrate by admissible evidence the existence of a genuine issue of material fact. Smith v. Massimiano, 414 Mass. 81, 86-87 (1993). Thus Sanabia’s failure to file opposing affidavits was not a sufficient basis for the allowance of Travelers’ motion.
Accordingly, the trial court’s entry of summary judgment for Travelers Insurance Company is hereby vacated, the allowance of Travelers’ Rule 56 motion is reversed, and this case is returned to the Lynn Division for trial.
So ordered.

 Travelers’ motion to join Dr. Magner was at the very best unnecessary. First, G.L.c. 90, §34M permits an unpaid party such as Dr. Magner to commence an action if he elects to do so, but in no way mandates that a medical provider bring suit. Second, nothing advanced by Travelers and indeed nothing in the record establishes that Dr. Magner was the assignee of Sanabia’s §34M rights against Travelers. While Travelers presented a document captioned “Irrevocable Assignment,” the assignment was by Sanabia to “Chiropractic Clinic Care,” an unincorporated chiropractic concern. Neither Dr. Magner’s signature, nor his name, appears anywhere on the document. At most, Travelers has demonstrated that Dr. Magner practiced at the Clinic with one or more other chiropractors, and was somehow “associated with” or employed by it. There was no evidence before the trial court that Magner owned the Clinic, or that it was an alter ego or “d/b/a” of his. Travelers in fact expressly states in its brief that it believed that the Clinic is a trade name sometimes used by the corporation “Pain & Injury Rehab., P.C.” Third, even assuming arguendo that Dr. Magner was the assignee, he could have chosen to bring suit in the name of the assignor, Sanabia. See Barry v. Duffin, 290 Mass. 398, 402 (1934). The assignment in fact expressly authorizes the assignee to institute an action in Sanabia’s name. Under the terms of the assignment, Sanabia remains personally responsible for the chiropractic bills in question.

 We note that Travelers never served Dr. Magner, and concedes that it stipulated to his “dismissal” from this suit as early as the hearing on Travelers’ Rule 56 motion. It would thus appear obvious that Travelers added Dr. Magner as a party plaintiff in this lawsuit against it for the sole purpose of introducing a Consent Agreement between Magner and the Board of Registration of Chiropractors in order to defeat Sanabia’s statutory claim. As discussed, infra, the tactic was pointless, at least at this pre-trial stage.

 While Szalkowski’s complaint identifies her company as “Premier Insurance,” Travelers’ brief to this Division repeatedly identifies Szalkowski’s complaint as having been filed by Travelers itself.

 The unsworn report was not submitted under G.Lc. 233, §79G.

 The Board Regulations for chiropractic practice, 233 CMR 4.00 et. seq., discussed herein are the December 31,1993 Regulations which were in effect at the time of both Szalkowski’s 1995 complaint and the 1996 Consent Agreement Section 4.00 of 233 CMR was revised, and its subsections were renumbered, on September 4,1998.