Merrick, P.J.
This is a G.L.c. 90, §34M action to recover Personal Injury Protection (“PIP”) payments for chiropractic services provided by the plaintiff to three individuals injured in accidents involving vehicles insured by defendant Trust Insurance Co. (‘Trust”). After a bench trial, judgment was entered for the defendant. The plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
At issue in this case is a type of medical or chiropractic service caked “Manipulation.” Medical services are categorized by the American Medical Association by numbered Current Procedural Terminologies (“CPFs”). The “Manipulation” provided by *243 the plaintiff is designated by both the plaintiff and Trust as CPT no. 97260. Concentral Managed Care, Inc., d/b/a Claims Review Associates (“CRA”), maintains a computer database of charges by providers for various CPT’s, which is based upon charges submitted by providers to insurers and then forwarded to CRA CRA performs this work for insurers nationally, including thirty insurers in Massachusetts. When a claim is submitted to an insurer, CRA may be retained to run a comparison of the charges in the bill with charges for the identical CPT by other providers in the same area code. At the time in question in this case, CRA had thousands of entries from Trust alone for CPT no. 97260 performed in the same geographic region in which ZIP codes included the same first three digits as the plaintiff’s.
When the plaintiff submitted his bills to Trust, Trust requested CRA to calculate the amount which would be the 80th percentile of the charges in their database for CPT no. 97260 in the plaintiff’s geographical area. The plaintiffs charge for CPT no. 97260 was $40.00. The 80th percentile for charges in CRA’s database for CPT no. 97260 was $34.29. Trust paid the plaintiff’s bills for the three patients, but limited payment for each CPT no. 97260 service to $34.29. The plaintiff brought this action to recover the balance of his charges. On this appeal, the plaintiff challenges the trial judge’s admission, over the plaintiff’s objection, of CRA’s calculation of the 80th percentile of charges in the plaintiff’s geographical area. The plaintiff also charges error in the judge’s denial of his requests for rulings of law.
1. The results of an insurer’s calculation of a reasonable charge, based upon a computer database of charges for the performance of the identical CPT code, have been held to be admissible. Fabian v. Metropolitan Prop. & Cas. Ins. Co., 1998 Mass. App. Div. 187, 188; Nhem v. Metropolitan Prop. & Cas. Ins. Co., 1997 Mass. App. Div. 84, 87, aff'd 45 Mass. App. Ct. 1102 (1998). That the calculation here was made by a third party with whom the insurer contracted to perform that function does not affect its admissibility.
The plaintiff also complains that the witness from CRA who provided the results was not sufficiently grounded in statistical analysis to give an opinion or authenticate the results. The witness did not, however, give an opinion; he merely stated the 80th percentile for the charges for CPT no. 97260 as computed by the computer program. Calculation of the 80% level, as requested by Trust, does not require statistical analysis. It could theoretically be accomplished by printing a list of all the charges in descending order and then counting down by hand past the top 20% on the list.
The function of computer programs like [CRS’s] ‘is to perform rapidly and accurately an extensive series of computations not readily accomplished without use of a computer.’ [citations omitted]. Our courts have long permitted the use of computer models to assist the fact finder ‘in cases not easily susceptible of other forms of proof.’ [citations omitted].
Fabian v. Metropolitan Prop. & Cas. Ins. Co., supra at 188. Arguments by the plaintiff as to such claimed defects in the calculation that, e.g., it does not measure the relative skill and experience of the providers who have done the billing or that it is mere arithmetic rather than statistical analysis, go to the weight of the calculation, not to its admissibility. The calculation was properly admitted,[2] and the plaintiff’s *244 requests for rulings of law, renumbered[3] 3 and 4, concerning CRA’s “statistical methodology” were properly denied.
2. The plaintiff has appealed the court’s disposition of his request for ruling number 1, which stated:
1. Under M.G.L.c. 90, §34A and the auto policy, a PIP carrier must make full payment of all reasonable medical expenses incurred by a driver of or passenger in the insured motor vehicle for necessary medical treatment for injuries sustained in an automobile accident, which obligation is not satisfied by paying a medical expense bill in part, even though the amount paid may also be a ‘reasonable’ amount [citation omitted].
On the request, the judge ruled:
1. Denied. Partial payment of a medical bill may satisfy M.G.L.c. 90, §34M where payment is reasonable [citation omitted].
The requested ruling was properly denied. The proposed ruling incorrectly placed upon the PIP insurer the burden of proving that the charges of the provider were not reasonable. The plaintiffs request for ruling number 2 was to the same effect, and was also properly denied.[4]
By submitting his bill for services, the plaintiff stated his opinion of the value of those services. Trust disagreed and stated its own opinion of the value of the plaintiffs services by the amount of its PIP payment. But Trust, or any PIP insurer, disagrees at its peril. Under G.L.c. 90, §34M, any unpaid party, be it medical provider or insured, may sue for any unpaid medical expense balance and, if successful, will recover attorney’s fees. In such litigation, it is the trier of fact who makes the ultimate determination as to the value of the provider’s services. The burden of proof on that subject is on the claimant. Shah v. Liberty Mutual Ins. Co., 2000 Mass. App. Div. 210; Sanabia v. Travelers Ins. Co., 1999 Mass. App. Div. 46, 47. The fundamental error in the plaintiffs requests for rulings of law on the subject is the erroneous assumption, restated many different ways in the plaintiff s brief, that the insurer has the burden of proving that the provider’s charges were not reasonable and that its own estimate was reasonable. It is instead the plaintiffs burden to prove that the reasonable value of the services rendered exceeded the payment by the insurer. Id.
For the same reason, the judge properly denied plaintiffs request for ruling number 5 that “[t]he evidence was insufficient to warrant a finding for the defendant.” Because the plaintiff had the burden of proof, it could not be ruled as a matter of law that the court could not have found for the defendant. Back Bay Travel Agency, Inc. v. Bennett, 1999 Mass. App. Div. 137, 138; Goldberg v. F.W. Woolworth Co., 1992 Mass. App. Div. 230, 231.
The trial court’s judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

 The plaintiff also complains that the calculation should have been submitted pursuant to his Mass. R. Civ. P., Rule 34A, Request for Production of Documents. The plaintiff’s request was a general one for any documents in support of Trust’s position. Trust produced “Explanation of Review” forms, but not the underlying data which was, as plaintiff’s counsel knew, in CRA’s possession, not Trust’s. The plaintiff was free to depose CRA but did not do so, perhaps because his counsel had examined the CRA witness in other cases. In any event, the decision was completely within the judge’s discretion.

 The plaintiff initially submitted 10 requests for rulings of law which were reduced to 5, on the court’s order, and renumbered by plaintiffs counsel. See Chiappetta v. Lyons, 1999 Mass. App. Div. 276, 277 and cases cited.

 Request number 2 stated: “In order to show that plaintiffs charges are unreasonable through statistical evidence, Trust must prove not only that plaintiffs charges exceeded the average of what other chiropractors of the same years’ experience in the same community where the service were rendered charge for the same service, but also that plaintiffs charges exceeded a reasonable range [citation omitted].”