Curtin, J.
This is a G.Lc. 90, §34M action by a medical provider to recover Personal Injury Protection (TIPO insurance benefits for services rendered. Judgment was entered for the plaintiff after a nonjury trial, and the defendant filed this Dist/Mun. Cts. R A D. A, Rule 8C, appeal of the denial of its motion for involuntary dismissal
Plaintiff Frank E. Salafia, D.C. (“Salafia”) treated four individuals for injuries sustained in four separate accidents involving motor vehicles covered by standard Massachusetts automobile insurance polices issued by defendant Arbella Mutual Insurance Co. (“Arbella”). Arbella made only partial payments of Salafia’s medical bills for the treatment provided, and Salafia filed four small claims actions against Arbella to recover PIP benefits for the unpaid balances. The four cases were consolidated and transferred to the regular civil docket on Arbella’s motion.
The parties thereafter stipulated to all of the following: the four individuals sustained injuries in four accidents; all four were covered by Arbella automobile insurance which included PIP benefits; Dr. Salafia completed treatment of the four within two years of their respective accidents; all of the treatment he provided was medically necessary; each of his four patients submitted completed PIP claims forms to Arbella; Salafia filed his treatment records and bills for each patient with Arbella and the partial payments made by Abella were timely. The parties also stipulated that the unpaid balances on the four patients’ bills totaled $286.88. Thus at the time of trial, the only remaining issues were what amount constituted the reasonable charges for the medical services provided andwhetherDr. SaMawasentifledtorecoverfullPIPpaymentfromAbelk.
Salafia introduced into evidence medical hills and records certified under G.L.C. 233, §79G for each patient, a copy of the standard Massachusetts automobile insurance policy and an affidavit of attorney’s fees. A the close of the plaintiffs case, Abella made an oral motion for a “directed verdict"[1] which was denied.
Abella called one of its claims supervisors, David Gavin (“Gavin”), as its only witness. Gavin testified that Abella forwarded Salafia’s PIP bills to Gateway Medical Services (“Gateway”), an outside bill review company According to Gavin, Gateway compared *166 each of Dr. Salafia’s services by its Common Procedure Terminology (“CPI”) code against Gateway’s computer database, determined the “usual and customary” charge for the service and recommended PIP payment at the “80th percentile,” an amount less than what Salafia had billed. However, upon the plaintiffs objection, the Gateway reports and Gavin’s testimony as to the same were admitted into evidence solely for the limited purpose of demonstrating that Arbella relied on Gateway’s report in refusing to make full payment of Salafia’s bills.[2] The Gateway information was not allowed as evidence of the fair and reasonable charges for file services in question.
After trial, judgment was entered in favor of Salafia for the full amount of the unpaid bills, plus costs and attorney’s fees.
1. Arbella has predicated this appeal on the basis of a G.L.c. 90, §34M payment procedure which bears little or no resemblance to the actual PIP statutory scheme created and enacted by the Legislature. Under Arbella’s version of §34M, a medical provider’s treatment bills are forwarded by an insurer to a fee review company like Gateway; that company recommends PIP payment at some “80th percentile” level of usual and customary charges, which is automatically the “reasonable” charge for the service in question; payment by the insured at the “80th percentile” rate constitutes full payment of all bills, leaving no amount “due and payable”; the medical provider must then submit additional evidence, beyond the treatment records and bills previously filed, to convince tire insurer that its unpaid fees are reasonable; the provider’s Mure to rebut the insurer’s fee review system, methodology or results to the insurer’s satisfaction prior to trial precludes the provider from commencing any G.L.C. 90C, §34M action; that in the event an action is filed, the “burden shifts” to the plaintiff-provider at trial to rebut the fee review recommended level of payment; this shifted burden can only be satisfied by evidence in addition to the provider’s G.L.c. 233, §79G records and bills; and that even if the trier of feet concludes that the unpaid bill balances are “due” to the provider, such amounts are not “due and payable” so as to entitle the provider to recover attorney’s fees and costs as part of the judgment
The PIP statute clearfy provides otherwise. Section 34A of G.L.C. 90 defines “personal injury protection” benefits as including payment for “all reasonable [medical] expenses incurred within two years from the date of the accident” Nhem v. Metropolitan Prop. & Cas. Ins. Co., 1997 Mass. App. Div. 84, 87. Section 34M mandates thatPIP benefits “shall *167 be due and payable as loss accrues, upon receipt of reasonable proof of the feet and amount of expenses and loss incurred....” The parties stipulated in this case to the feet of the four individuals’ injuries or losses, the medical necessity of the treatment provided by Salafia, and the incurring of medical expenses for such treatment within two years of the accidents. “Reasonable proof of the amount of those expenses, the only remaining prerequisite to full payment by Arbella, was furnished to Arbella in the form of Salafia’s treatment records and bills. See Bohorquez v. Metropolitan Prop. & Cas. Ins. Co., 2000 Mass. App. Div. 226, 228. Arbella’s conclusion, based on a fee review service recommendation, that the expenses for Salafia’s treatment should have been less and its decision to make payment at the lower rate did not negate the evidentiary value of Salafia’s records and bills as “reasonable proof of his claim, obligate him to furnish additional evidence to Arbella prior to suit, or preclude him from commencing this §34M action once the full amount of his bills remained unpaid for thir ty days.
By submitting his billfor services, [Sálafia] stated his opinion of the value of those services. [Arbella] disagreed and stated its own opinion of the value of the plaintiffs services by the amount of its PIP payment But [Arbella], or any PIP insurer, disagrees at its peril Under G.Lc. 90, §34M, any unpaid party, be it medical provider or insured, may sue for any unpaid medical expenses balance and, if successful will recover attorney’s fees.
Salafia v. Trust Insurance Co., 2000 Mass. App. Div. 242, 244.[3]
2. The question of the reasonable value of the medical services provided by Dr. Salafia was one of feet on which Salafia had the burden of proof Victum v. Martin, 367 Mass. 404, 408 (1975); Sanabia v. Travelers Ins. Co., 1999 Mass. App. Div. 46, 47. The treatment records and bills Salafia introduced into evidence were certified under GJLc. 233, §79G and thus constituted proof that the charges set forth therein were in feet reasonable. See generally Gompers v. Finnell, 35 Mass. App. Ct. 91, 93 (1993); Scalia v. Liberty Mut. Ins Co., 1995 Mass. App. Div. 69, 71; St. Leger v. Agency Rent A Car, Inc., 1993 Mass. App. Div. 170, 171. Section 79G expressly provides that itemized and properly attested medical bills and reports “shall be admissible as evidence of the feir and reasonable charge for such services....”
There is no merit to Arbella’s argument that upon an insurer’s introduction into evidence of the results of a computerized fee review which shows a “usual and customary” charge for a medical service that is less than the fee charged by the plaintiff-medical provider, fhe “burden shifts” to the provider to rebut that evidence in order to be entitled to any PIP recovery. First, no “burden shifting” is necessary. The burden of proving the reasonableness of his charges remains at all times, as noted, upon the §34M plaintiff.[4]
*168 Second, the payment recommendations of a fee review company are not entitled to any prima facie, presumptive or other enhanced evidentiary effect which would necessitate rebuttal by the plaintiff in order for him to satisfy his burden of proof. If a sufficient evidentiary foundation were laid, a computerized fee review determination of a “usual and customary charge” for a medical service could, of course, be utilized by the trier of feet in determining the “reasonableness” of a medical provider’s actual charge for such service. As noted, however, the issue of whether the amount of medical charges was reasonable is one of fact for the trial judge in a nonjury case. See Phelps v. MacIntyre, 397 Mass. 459, 463 (1986); Salafia v. Trust Ins. Co., supra at 244. In making that determination, the judge remains free to reject even uncontradicted testimony. Leibovich v. Antonellis, 410 Mass. 568, 573 (1991); Chester v. Medford, 1994 Mass. App. Div. 69, 70.
In any event, the Gateway fee review reports herein were not admitted as substantive evidence of reasonable charges for Salafia’s services. The only evidence actually adduced at trial on this issue were the G.L.c. 233, §79G bills and reports introduced by Salafia Given this evidence in support of the plaintiffs §34M claim, Arbella’s motion for involuntary dismissal was properly denied. See generally Esposito v. Winn Mgm. Corp., 1998 Mass. App. Div. 145, 147; Polsinetti v. National Amusements, Inc., 1997 Mass. App. Div. 150, 151.
3. Arbella’s final contention that Salafia is not entitled to attorney’s fees and costs upon his recovery herein of PIP benefits directly contradicts the unambiguous language of §34M. The statute provides, in pertinent part
If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees.
“Elementary” canons of statutory construction dictate that “the meaning of a statute must, in the first instance, be sought in the language in which the statute is framed, and if that is plain ... the sole function of the court is to enforce it according to its terms.” Bynes v. School Committee of Boston, 411 Mass. 264, 267 (1991). An award of attorney’s fees and costs to Salafia in this case was statutorily mandated.[5]
*169 Accordingly, the trial court’s judgment for the plaintiff is affirmed. In view of the §34M mandate, we conclude that an award of appellate attorney’s fees is appropriate in this case, and authorize the trial judge to make that determination upon motion by the plaintiff. Margolis v. McCarthy, 2000 Mass. App. Div. 12, 15; Cambridge YWCA v. Franks, 1998 Mass. App. Div. 242, 245.
So ordered.

 We reiterate the elementary point that a motion for a “directed verdict” in a nonjury case is proceduraDy incorrect Nhem v. Metropolitan Prop. & Cas. Ins. Co., 1997 Mass. App. Div. 84, 85 n.2; Espinola v. Riley’s Liquors, Inc., 1994 Mass. App. Div. 96. A motion testing the sufficiency of the plaintiffs evidence at the close of his case or at the end of trial is one for a Mass. R Civ. P., Rule 41(b) (2), involuntary dismissal Dew v. Laufaci, 2001 Mass. App. Div. 95, 97; Prophete v. Polynice, 2000 Mass. App. Div. 194, 195.

 The Gateway documents introduced by Arbella simply listed for each service a treatment date, the CPT code and name of the service, Salafia’s charge and an “allowable fee.” Nothing in the documents identified this “allowable fee” as an “80th percentile” figure, as claimed by Gavin. Nor could Gavin explain in even the most general terms the database used and the conclusions reached by Gateway; i.e., Gavin could not answer even the preliminary question “80th percentile of what?”. There was no indication if this figure represented, e.g., 80% of 100 bills for the same service (over some period of time that was never identified) or 80% of the usual and customary charges of 100 doctors for that service. While the Gateway documents bore the printed legend “all fees are calculated according to geographical and economic zones,” Gavin could not confirm the truth of that boilerplate or identify the specific region, size or demographics of any “zone” used by Gateway in comparing Salafia’s bills. This was not a case where Gavin testified as an expert “as to the ‘comparables’ on which he based an opinion of value, for the limited purpose of laying a foundation for that opinion, where the accuracy of the data or the expert? s qualifications are not in dispute.” Fabian v. Metropolitan Prop. & Cas. Ins. Co., 1998 Mass. App. Div. 187, 188. In addition to the obvious hearsay problems with Gavin’s testimony, the lack of any information about the specific data and methodology utilized rendered tire Gateway reports without probative value. The trial judge properly ruled that Arbella had failed to lay any foundation for the admission of the Gateway reports as substantive evidence.

 The statute so provides. Section 34M states: “In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action for payment of amounts therein determined to be due in accordance with the provisions of this chapter.... If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees.

 Arbella’s erroneous concept of “burden shifting” in this G.Lc. 90, §34M context is apparently derived from a mistaken reading of Boston v. John Hancock Mut. Life Ins. Co., 35 Mass. App. Ct. 318 (1993). That case is inapposite on a number of levels, the most obvious of which is that it involved the plaintiffs appeal of summary judgment in favor of the defendant The parties’ respective evidentiary burdens were the familiar ones imposed by Mass. R Civ. P., Rule 56. After the defendant as moving party, advanced sufficient evidence to satisfy its summary judgment burden under Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991), the burden shifted to the plaintiff to set forth specific, countervailing facts demonstrating a genuine, material issue for trial

 Arbella relies on the phrase “due and payable” as the basis for its argument against a recovery of legal fees. Arbella contends, without cited authority, that whether PIP benefits are “due and payable” must be determined at the time bills are submitted to an insurer. If, in Arbella’s view, an insurer makes only a partial payment of those bills based on a reasonable or good feith belief that the unpaid balances are not reasonable charges, the balances become merely items in a disputed bill which can never be deemed “due and payable” PIP benefits. Thus a trial court's finding that PIP benefits are due to a §34M claimant and are payable by the insurer is not, in Arbella’s opinion, a finding that PIP benefits are “due and payable.”
First, concepts of reasonable conduct and good feith relevant in a G.Lc. 93A or G.Lc. 176D proceeding are not material in a G.Lc. 90, §34M action. Nothing in the latter statute renders the recovery of PIP benefits or attorney’s fees contingent upon a demonstrar tion of an insurer’s bad feith, and “we do not read into the statute a provision which the Legislature did not see fit to put there....” Fascione v. CNA Ins. Co., 435 Mass. 88, 94 (2001), quoting from King v. Viscoloid Co., 219 Mass. 420, 425 (1914). Second, the award of attorney’s fees mandated by §34M is primarily designed to compensate PIP claimants for their litigation expenses, Fascione, supra, at 92, rather than to punish well-intentioned insurers. Finally, the practical effect of Arbella’s peculiar interpretation would be to eliminate the recovery of attorney’s fees in almost all PIP cases. The statute cannot be read so as to render meaningless its clear mandate for attorney’s fees in all cases of PIP recovery. See generally Adamowicz v. Ipswich, 395 Mass. 757, 760 (1985).