LoConto, P.J.
The defendant, James Xarras (“Xarras”), appealed the trial judge’s decision awarding damages to the plaintiff, B. Thomas Heinzer Associates, Inc. (“Heinzer”), in breach of contract and quantum meruit. We affirm only the judgment on the count for breach of contract, and comment on a judge’s responsibilities for preparing written findings of fact and rulings of law pursuant to Mass. R. Civ. R, Rule 52 (c) following the abolition of Mass. R Civ. R, Rule 64A The following facts are necessary for an understanding of the issues on appeal.
Xarras owned property in Leominster, Massachusetts that had been approved by the local planning board for construction of a twenty-four unit condominium complex. On or about June 20, 2006, he entered into a written agreement with Heinzer for the latter to provide construction documents, including a foundation plan, to be used in the construction of condominium units on the property. The agreement required compliance with applicable laws and regulations. Heinzer was to perform these services on an hourly basis. At the initial meeting on June 23,2006, Xarras paid Heinzer $1,000.00, and provided preliminary draft plans. At a meeting on June 29, 2006, Heinzer presented Xarras with a draft foundation plan for a proposed two-unit condominium. As of this date, Heinzer had sent invoices totaling $8,430.00 for its work to date on preparing the construction documents, including work on the elevation estimates. On July 5, 2006, Xarras’ engineers determined that the above-mentioned foundation plan exceeded the scope of the building envelope. On that same date, the parties met and concluded that the foundation plan required revision to reflect the proper site elevations. Heinzer submitted revised foundation plans to Xarras on July 10, 2006; and, on July 11, 2006, Xarras obtained a permit to construct a foundation. Although he was asked to pour the concrete for the foundation pursuant to the foundation plans on July 14, 2006, the foundation contractor refused to do so, finding that the garage walls would be too high and constitute a safety hazard. As a result, on July 18, 2006, Heinzer delivered a third revised foundation plan, and *219 a foundation was poured in accordance with said plan. Thereafter, it was determined that some elevations were not accurate, and Xarras was required to cut the back wall to conform to the proper elevations. Xarras obtained a building permit on August 31, 2006 based upon the revised draft plan.
At the conclusion of the bench trial on September 10, 2008, the trial judge granted the parties additional time to submit proposed findings of fact and rulings of law. Xarras and Heinzer submitted such proposals on September 23, 2008 and October 1, 2008, respectively. On April 1, 2009, the trial judge issued a document entitled judgment for the plaintiff both in breach of contract and quantum meruit.[2] He also notified the parties that “Findings and Rulings pursuant to the parties’ requests for Rulings shall issue within ten days.” No such findings or rulings issued within ten days. On April 29,2009, Xarras filed a notice of appeal. On June 23,2009, Xarras filed a Request for Findings of Fact and Rulings of Law, which was denied by the court on August 5, 2009. On October 26, 2009, Xarras moved for relief from judgment. The courtis response was the issuance of “Findings and Orders on the Motion for Relief from Judgment; Trial Written Findings of Fact and Rulings of Law” On November 24, 2009, the court issued an amended version of said response. Thereafter, Xarras filed a new notice of appeal.
An appeal from a decision in a District Court bench trial is from the judge’s findings of fact and rulings of law.[3] Unless the judge issues such findings and rulings voluntarily, the mechanism for obtaining findings of fact and rulings of law pursuant to Rule 52 (c) in a District Court bench trial is the filing by any party of proposed findings of fact and rulings of law prior to the beginning of closing arguments. Unlike the former practice pursuant to Rule 64A the court does not rule on each request, but prepares its own findings and rulings, without a requirement to reference the findings and rulings so proposed. Thereafter, the Appellate Division will rule on the correctness of any rulings and whether the findings are supported by the evidence, or unsupported and clearly erroneous.
It is undisputed with respect to the findings by the court that the parties entered into a written agreement, and that the agreement provided no timeline, or requirement that time was of the essence. Nor is there a dispute with respect to the amount of time Heinzer spent on the project, or the amount of money paid by Xarras. Xarras does dispute the court’s ultimate finding that Heinzer performed its obligations under the contract. "When a party binds himself by contract to do a work or to perform a service, he agrees by implication to do a workmanlike job and to use reasonable and appropriate care and skill in doing it.” Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 395-396 (2003), quoting Abramsv. Factory Mut. Liab. Ins. Co., 298 Mass. 141, 143 (1937). The contract may be found to have been breached if the material or significant terms were performed negligently. “[I]f the work was performed in a manner that would be satisfactory to a reasonable [person] in view of all *220 the circumstances, the mere fact that the promisor was not satisfied is not conclusive against a right of recovery....” Rooney v. Weeks, 290 Mass. 18, 27 (1935). Where the contract does not specify tíme for performance, a party has a reasonable time in which to perform, depending upon the nature of the contract, probable intention of the parties as indicated by the contract, and attendant circumstances. Charles River Park Inc. v. Boston Redevelopment Auth., 28 Mass. App. Ct. 795, 814 (1990). Where the parties initially met on June 23, 2006, and Xarras obtained a building permit on August 31, 2006, the court was warranted in finding that Heinzer performed the work it did within a reasonable time.
The trial judge ultimately found that Xarras had acted prematurely. He found that Xarras had applied for and received a building permit based upon revised draft plans, not completed plans. Heinzer contacted the building department in an attempt to stop the permit because it had been requested on incomplete progress plans. Whether that permit was revoked as found by the trial judge, or resubmitted by Xarras, is inconsequential. In the final analysis, the court found that Xarras had arranged for the pouring of cement prior to the completion of a final building plan, a plan that would have incorporated foundation, structural, framing, electrical, and building plans. These findings are supported by the evidence.
The court also found for Heinzer on the count in quantum meruit. Quantum meruit “is a claim independent of an assertion for damages under the contract, although both claims have as a common basis the contract itself.” J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793 (1986). “The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party.” Salamon v. Terra, 394 Mass. 857, 859 (1985). The amount of recovery based upon a claim for quantum meruit is the value of the goods or services supplied to the benefitting party. Guenard v. Burke, 387 Mass. 802, 808 (1982). However, this theory of recovery may be used only if the court does not find that a valid contract was formed. See Wong v. Nieboer, 2006 Mass. App. Div. 67, 70. “The law will not imply a contract where there is an existing express contract covering the same subject matter.” Zarum v. Brass Mill Materials Corp., 334 Mass. 81, 85 (1956). Where the court found the existence of a contract and that Xarras was in breach of said agreement, there can be no recovery for Heinzer under a theory of unjust enrichment. The finding in favor of Heinzer of the count of quantum meruit is reversed.
Lastly, Xarras is aggrieved by the court's failure to offset from its finding in Heinzer’s favor his costs to remedy Heinzer’s claimed defective work. Specifically, he seeks credit for the $6,000.00 paid to refill the foundation. The court was not required to consider any offset from the brief testimony in support of this claim. The court did not find Heinzer’s work defective, but determined that Xarras had acted prematurely in the construction of the property. Procedurally, Xarras was required to file a counterclaim with his answer. Counterclaims are compulsory if the court has power to give the relief sought, the defendant possesses the claim at the time of serving the answer, and the claim arises out of the transaction or occurrence that is the subject matter of the plaintiff’s claim. See National Lumber Co. v. Canton Instit. for Sav., 56 Mass. App. Ct. 186, 187 (2002), citing Mass. R. Civ. P., Rule 13(a). As a result of his failure to file a counterclaim, Xarras is not entitled to an offset.
For the above reasons, the trial court’s judgment in favor of Heinzer on count 1 of *221 the complaint for breach of contract is affirmed. The judgment for Heinzer on count 2 in quantum meruit is vacated, and judgment is to be entered for Xarras on that count.
So ordered.

 The judge’s written decision in favor of the plaintiff is not a judgment. The entry of judgment, a critical stage for procedural purposes, is entered by the clerk in accordance with Mass. R. Civ. R, Rule 58.

 Appeals may also be taken from rulings on objections to evidence, rulings on motions, and from incorrect or inadequate jury instructions.