Coven, J.
Excel Physical Therapy, Inc. (“Excel”) commenced this G.L.c. 90, §34M action to recover Personal Injury Protection (“PIP”) payments for chiropractic services it provided to a female patient (“Hayes”). Hayes claimed that she sustained the injuries that Excel treated in a motor vehicle accident while riding as an occupant in an automobile insured by defendant Commerce Insurance Company (“Commerce”). Commerce denied the claim on the ground that Hayes was not occupying its insured’s vehicle at the time of the two-vehicle accident in question because the sole occupant of its insured’s vehicle was a male operator. Excel argued that Commerce’s denial of the PIP claim and defense in this action were based on an alleged misrepresentation made by Hayes to Commerce during an examination under oath (“EUO”); that Commerce bore the burden of proving that affirmative defense; and that, because of its improper discovery responses, Commerce should also have to bear the initial burden at trial of proving that Hayes was not an occupant of the insured vehicle. The trial judge accepted Excel’s contention, ruled after the presentation of Commerce’s case that the insurer had failed to satisfy its burden of proof, and directed a verdict for Excel. We now vacate the judgment for Excel based on that directed verdict.
In pretrial proceedings, each party agreed that the principal issue in this case was whether Hayes sustained the injuries for which Excel provided treatment as an occupant of a motor vehicle insured by Commerce that was involved in two-vehicle accident on the date in question.[1] The parties disagreed as to the burdens of proof at trial. While acknowledging that it would normally have the initial burden of proof of *64 its §34M PIP claim at trial, Excel argued that the burden of first proving its affirmative defense to that claim should fall upon Commerce because of its improper discovery response. Excel had sought Commerce’s production of a number of documents, including its claims logs. In response to the request for the logs, Commerce produced only a claim note that Commerce had extensively redacted. In the narrative portion of the note, the first sentence stated: “Reviewed EUO[2] summary of [Hayes].” Commerce had redacted all of the remaining text based on its assertion of privilege.[3] In a motion in limine to preclude Commerce, because of the redaction, from offering any evidence of representations made by Hayes to Commerce, Excel’s counsel argued that because the redacted material “blocked access to ... evidence needed to prove [Excel’s case]”[4] and, thus, impaired Excel’s ability to satisfy its burden at trial, Commerce should have to carry the initial burden of proving its defense to Excel’s claim that Hayes did not sustain injuries as an occupant of an automobile insured by Commerce. Excel requested that the jury be instructed to decide whether Hayes, Excel’s patient, made a “material misrepresentation of fact to prevent her from being covered by PIP. In other words, did she lie about being in the accident.” The court allowed Excel’s motion.
After the jury was sworn, Excel’s counsel presented an eight-sentence opening argument, the relevant portions of which are as follows: “So, everything’s been boiled down to one question you’re going to have to answer today and that question is did [Hayes] make a material misrepresentation of fact to Commerce Insurance Company. That’s the only thing you have to answer, yes or no, and I don’t even have — I don’t have anything to say about it.” After Commerce’s counsel completed his opening statement, Excel’s counsel requested that the trial judge instruct the jury on the issue of misrepresentation and the burden of proof. Qualifying the preliminary instructions he had made prior to the parties’ opening statements, in which he *65 had referred to the general burden of proof placed on a plaintiff, the judge further instructed the jury as follows: “The assertion being that there was a material misrepresentation made and the party making that is the insurer, so the insurer does have the obligation to prove to you that indeed that it is the case, the material misrepresentation was made by [Hayes] to the company.” After that instruction was given, Excel rested without presenting any evidence. Commerce then called as a witness the operator of the other vehicle involved in the accident, who testified that the only person occupying the vehicle insured by Commerce was a male operator. Commerce then rested, and the trial judge directed a verdict in favor of Excel.
Excel’s position that, because Commerce redacted its claims note, the initial burden at trial shifted to Commerce to prove its misrepresentation defense is without merit. It is elementary that a claimant under a policy of insurance has the initial burden of proving that he or she is covered under the policy. Gordon v. Safety Ins. Co., 417 Mass. 687, 689 (1994). Commerce was not required to prove its alleged defense to Excel’s PIP claim before Excel proved the claim. It is also well understood that a party may resist discovery by asserting a privilege, but, if asserted, the information withheld may not be used by the resisting party. G.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 270-271 (1991). Thus, the remedy for the withholding of evidence during discovery based on privilege is, as Excel requested, the exclusion of the evidence withheld. It was not the shifting of burdens of proof on claims and defenses.[5]
Because of the shift in the burden of proof and the framing of the issues for trial, Excel did not, as it should have, present a prima facie case. The only evidence offered on what should have been Excel’s burden on its claim for PIP benefits is the stipulation that Commerce issued a motor vehicle liability policy to some individual other than Hayes. It was Excel’s burden to present evidence that Hayes, its patient, was entitled to PIP benefits from Commerce because she occupied a vehicle insured by Commerce.[6] Commerce’s tactics did not obviate the necessity that Excel establish a prima facie case for recovery.
The directed verdict and resulting judgment for the plaintiff are vacated, and this case is returned to the Lowell Division of the District Court Department for a new trial.[7]
So ordered.

 The parties entered into a stipulation that Commerce had issued a motor vehicle insurance policy to an individual, other than Hayes, and that it was in effect on the date of the accident at issue. The stipulation did not admit that the policy covered the vehicle that Hayes allegedly occupied.

 “A statement or examination under oath is an examination conducted by the insurer of the insured who is placed under oath and whose answers are transcribed by a stenographer. 13 COUCH, INSURANCE §§196.6-196.13.” Lorenzo-Martinez v. Safety Ins. Co., 58 Mass. App. Ct. 359, 365 n.5 (2003).

 Rule 26(b) (5) of the Mass. R. Civ. P. requires a party resisting discovery based on a privilege to “prepare a privilege log containing the following information: the respective author(s) and sender(s) if different; the recipient^); the date and type of document, written communication or thing not produced; and in general terms, the subject matter of the withheld information.” There is no privilege log in the record before us. To the extent that Excel thought that Commerce’s claim of privilege was objectionable, it could have challenged the claim during the discovery stage.

 The validity of that assertion is unclear because Excel had the transcript of Hayes’ EUO. We do not know what information was redacted. But if, as its title suggests, the claim note was merely a summary of the EUO, the EUO transcript would be the best evidence of any representations made. As the EUO transcript is not in the record, we do not address the issue of whether an EUO is akin to a deposition, see n.2, and, if so, whether Excel, if unable to secure its patienfs attendance at trial, could have met its burden by introducing statements made by its client in the EUO. See Mass. R. Civ. R, Rule 32(a) (3); Mass. G. to Evid. §804(b) (1).

 We do not address whether, if a privilege is improperly asserted and evidence favorable to the discovering party is untimely disclosed, a proper sanction may be the exclusion of a defense.

 This case was presented solely on the issue of occupancy of the insured vehicle. In cases not so limited, a plaintiff has the burden of proving coverage, injury, the medical necessity of the treatment for the injury and the reasonableness of its costs, the incurring of those medical expenses within two years of the accident, and the presentation of the bills to the insurer for payment. Salafia v. Arbella Mut. Ins. Co., 2002 Mass. App. Div. 165,167.

 The parties’ requests for attorney’s fees are denied. Commerce has not established any contractual or statutory right to such fees. Although G.L.c. 90, §34M provides for an award of such fees to Excel, the award is conditioned on Excel prevailing in its claim for unpaid services.