Hand, J.
The plaintiff-appellant, New England Sports Therapy, Inc. (“NEST”), provides physical therapy services. Defendant-appellee Metlife Auto and Home (“Metlife”) provides automobile insurance to Massachusetts drivers. NEST filed this action pursuant to G.L.c. 90, §34M to recover $5,549.26 in personal injury protection (“PIP”) benefits claimed as part of the treatment costs for fourteen patients insured by Metlife under standard Massachusetts automobile insurance policies. The parties agreed to try the case jury waived, stipulating that all of the patients at issue had been injured in automobile accidents; that all were covered by Metlife’s automobile insurance policies; that all treatment was medically necessary; that all PIP claims were submitted timely; to the amounts of NEST’s billings for each patient; and that Metlife had paid some, but not all, of NESTs bills for each patient.
General Laws c. 90, §34A, defining an insurer’s PIP obligation, provides, in relevant part:
“Personal injury protection,” provisions of a motor vehicle liability policy or motor vehicle liability bond which provide for payment to the named insured in any such motor vehicle liability policy, the obligor of any motor vehicle liability bond, members of the insured’s or obligor’s household, any authorized operator or passenger of the insurer’s or obligor’s motor vehicle including a guest occupant, and any pedestrian struck by the insured’s or obligor’s motor vehicle,... of all reasonable expenses incurred within two years from the date of accident for necessary medical, surgical, x-ray, and dental services... (emphasis added).
The sole issue at trial[1] was whether NEST could prove its entitlement under §34M *68 to the amounts of the disputed balances. See Salafia v. Trust Ins. Co., 2000 Mass. App. Div. 242, 244, citing Shah v. Liberty Mut. Ins. Co., 2000 Mass. App. Div. 210, and Sanabia v. Travelers Ins. Co., 1999 Mass. App. Div. 46, 47 (claimant has burden of proving reasonable value of provider’s services). With respect to its claims under §§34A and 34M, the burden was on NEST to prove that the disputed charges represented “reasonable expenses” as that term is used in the statute. See id. (when parties dispute PIP insurer’s failure to pay billed expense in full, “[i]t is ... the plaintiffs burden to prove that the reasonable value of the services rendered exceeded the payment by the insurer”). To the extent that the trial court in this case found the billings reasonable, NEST was entitled to recover from Metlife for the outstanding balances. If NEST failed to carry its burden of persuasion, however, Metlife was entitled to judgment in its favor.
After trial, the court ruled against NEST, issuing the following written finding:
After a jury waived trial... I find that pursuant to MGL c90 sec 34A and 34M, the reimbursement made to the plaintiff by the defendants is reasonable and fair and I hereby find for the defendant on counts IV and V, counts I, II, and III were waived by the plaintiff.
While the parties submitted timely requests for findings of fact and rulings of law,[2] the court declined to act on any of these requests, and instead issued the finding quoted above. The instant appeal arises from the wording of the court’s finding.
1. There is no merit in NEST’S initial argument that the trial judge’s failure to rule on each of its requests for rulings was tantamount to the erroneous denial of those *69 requests, which posited correct statements of law. The cases cited by NEST for that now obsolete legal proposition[3] predate the 2008 abolition of Mass. R. Civ. P., Rule 64A. It was Rule 64A that prescribed requests for rulings of law as the principal method of obtaining legal rulings in a District Court jury-waived civil trial, thereby preserving a basis for appellate review by separating a trial court’s unwritten findings of fact from its rulings of law. Campbell v. Toner, 2006 Mass. App. Div. 121, 122; Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 250-251. Under that prior practice, a trial judge was generally obligated to rule on each Rule 64A request filed. For that reason, a failure to rule on requests, without more, was deemed the equivalent of a ruling denying the request. However, even under that now-repealed Rule 64A procedure, a trial judge who elected to make voluntary findings and rulings was not required to rule on each individual request for ruling of law. Where “the thought process which led to the [judge’s] decision [was] fully articulated ... responses to requests for rulings [were] superfluous.” Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 315 (1979). See also Lee v. Premier Ins. Co., 2009 Mass. App. Div. 151 n.1.
The repeal of Rule 64A and the amendment of Mass. R. Civ. R, Rule 52(c), both effective March 1, 2008, changed the method of preserving for appellate review a question of law in a District Court jury-waived civil trial. Pursuant to Rule 52(c), a party must now file proposed findings of fact and rulings of law before the beginning of closing arguments. Upon receipt of the same, the trial court is required to “find the facts specially and state separately its conclusions of law.” Rule 52(c). See generally Davis, Malm & D’Agostine v. Lahnston, 82 Mass. App. Ct. 254, 255 (2012); Advanced Spine Ctrs., Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 212, 214 n.5. Under current Rule 52(c) procedure, “the court does not rule on each request but prepares its own findings and rulings, without a requirement to reference the findings and rulings so proposed” by the parties. Heinzer v. Xarras, 2010 Mass. App. Div. 218, 219. Therefore, in the present case, the lack of a specific disposition of each of NEST’S requests for rulings of law did not constitute an erroneous denial of the legal principles set forth in the requests.
2. Appellate review under Rule 52 focuses on the “correctness of any rulings and whether the findings are supported by the evidence.” Id. The rule envisions findings that are “clear, complete, and accurate.” Millenium Equity v. Mahlowitz, 73 Mass. App. Ct. 29, 36 (2008). Where, as in the instant case, the parties have stipulated to almost all of the relevant facts, “extensive detail” is not required; the findings and rulings would be sufficient if they fully “articulate [d] the essential grounds for a decision ... ensuring] that a judge has dealt fully and properly with all the issues, and that the parties and reviewing court may be fully informed as to the bases for the judge’s decision” (citations omitted). Willis v. Board of Selectmen of Easton, 405 Mass. 159, 161-162 (1989). See also Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 483 (1991) (judge must “articulate essential grounds of his decision; he is not required to itemize every component of that decision” [citations omitted]).
*70 The single finding and ruling made by the trial judge in this case was that “the reimbursement made to the plaintiff by the defendant is reasonable and fair.” The parties’ contrasting interpretations of this language indicates a possible ambiguity as to the legal basis on which the court made its decision in favor of Metlife. NEST argues that the finding suggests that the court did not assess the reasonableness of NEST’s billings, as it was required to do, but instead assessed whether the amount paid by Metlife was reasonable, and added its own criterion of “fair[ness]” to the analysis. However, the judge’s language may be interpreted as his finding that to the extent that NEST met its burden of proving that its billings were reasonable, they were paid, and that to the extent that it did not meet its burden, it is fair that any outstanding balance remain unpaid. On the issue of the standard of review applied, the judge’s finding could be affirmed by reading its plain language to mean that the court found that the payment Metlife made covered all charges that NEST proved were reasonable, and that the amount paid was, accordingly, “fair.”
Thus, having considered all of NEST’s billings in the case, the judge found that only those portions already paid were proved to be reasonable, and that NEST failed to show the reasonableness of the unpaid balances. The word “fair” in this context suggests only that the judge found the partial reimbursement “fair” where NEST had proved the reasonableness (and so its entitlement) to only a portion of its total billings. Further, the fact that the court speaks in terms of the reasonableness of the reimbursements, rather than discussing the reasonableness of the expenses, is of little significance: using this reading, it would be clear that the court ascertained the reasonable amount of NEST’s total billings and that it found that Metlife had already met its obligation of paying that amount.
Conversely, the court’s use of the phrase “reasonable and fair” in reference to the insurer’s payments rather than NEST’s billings could as easily indicate that the judge improperly focused his analysis on an assessment of the reasonableness of the PIP payments, added some filter of fairness to the equation, and denied NEST’s recovery of its unpaid billings. NEST’s recovery for its services, even if the charges for those services proved to be “reasonable,” was denied because the charges were somehow not “fair” in the judge’s view. But as correctly stated in NEST’s request for ruling number 6, the established law is that a PIP insurer is required to pay all reasonable expenses for necessary medical services. G.L.c. 90, §34A. If a provider’s bill is reasonable, it must be paid in full. Murphy v. Bohn, 377 Mass. 544, 549 (1979). Our position today remains as it was in such cases as Sanabia and Salafia — that §§34A and 34M require a claimant to prove the reasonableness of any expense for which the claimant seeks PIP reimbursement, and entitles the claimant to a full recovery for those expenses found reasonable. In cases like this one, where the parties dispute the PIP insurer’s failure to pay a billed expense in full, “it is... the plaintiff’s burden to prove... the reasonable value of the services rendered.” Salafia, supra at 244.
While we find that a viable reading of the trial judge’s findings indicates that the judge found that NEST failed to prove that the unpaid balance on its billings was “reasonable,” and that the judge’s finding for Metlife rested on that proper foundation, that is not the only available or rational interpretation. Reading “reasonable and fair” as two separate criteria, we cannot rule out NEST’s concern that the trial court impermissibly narrowed §34A’s provision for the PIP insurer’s payment of “all reasonable expenses” by further limiting NEST’s ability to recover for the disputed bal- *71 anees to only the amounts it proved were “fair.” In light of the ambiguities in the wording of the trial judge’s findings, we are unable to determine whether the trial court’s judgment was based on NEST’s failure to meet its burden of proof, or a misinterpretation of G.L.c. 90, §34M. Accordingly, the motion for new trial on this issue should have been allowed.
The denial of NESTs motion for a new trial is reversed, and this case is returned to the Taunton District Court for a new trial.
So ordered.

 On the record before us, it is clear that in litigating and trying this action, the parties were focused on the admissibility and value of certain insurance industry databases. While NESTs motion for a new trial was based in part on this database issue, it is not part of NESTs appeal.

 Relevant to the issue on appeal, NESTs requests for rulings included the following:
3. A person injured in a motor vehicle accident who is covered by a Massachusetts auto policy is entitled to payment from the automobile insurance carrier of all reasonable expenses incurred within two years of the accident for necessary medical treatment to a limit of $8,000 per person. This coverage is called Personal Injury Protection or PIP, for short. PIP coverage is afforded to passengers in an insured vehicle and it covers physical therapy. G.L.c. 90, sec. 34A.
4. A PIP insurer is obliged by law to pay all reasonable medical expenses for necessary medical services within 30 days of its receipt of the bills themselves and the treatment records and reports underlying the bills. G.L.c. 90, sec. 34A, G.L.c. 90, sec. 34M, Brito v. Liberty Mut., 44 Mass. App. Ct. 34, 37 (1997).[...]
6. A PIP insurer is required to pay all reasonable expenses for necessary medical services. G.L.c. 90, sec. 34A. If a bill is reasonable it must be paid in full. See Murphy v. Bohn, 377 Mass. 544, 549 (1979).
7. An insurer is required to pay all amounts that are not grossly unreasonable, not a second amount that is reasonable but different from the amount billed. Cherubino v. Board of Reg. of Chiropractors, 403 Mass. 350, 351 n.2 (1988).

 Wolfe v. Laudre, 327 Mass. 47, 49 (1952); Plymouth Home Nat’l Bank v. Neponset-Lincoln, 1980 Mass. App. Div. 183, 187.