RICHARD G. DATTOLI *vs.* HALE HOSPITAL & another.[1]

Essex. March 4, 1987. — June 3, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Judgment, Appeal, Dismissal of appeal, Summary judgment. *Rules of Appellate Procedure. Massachusetts Tort Claims Act. Hospital*, Public employer. *Words*, "Independent body politic and corporate."

In a civil action, no abuse of discretion appeared in the judge's ordering the entry of a separate judgment under Mass. R. Civ. P. 54 (b), dismissing claims against fewer than all the defendants, and, in the circumstances, no specific findings beyond "[T]here is no just reason for delay" were required to support that determination. [176-177]

In a civil action, no abuse of discretion appeared in the judge's denial, after a hearing, of the defendants' motion to dismiss the plaintiff's appeal. [177]

In a medical malpractice action in which the sole issue on a motion for summary judgment was whether the defendant hospital was a public employer within the meaning of G. L. c. 258, to which the plaintiff concededly had not presented the required written notice of claim under G. L. c. 258, § 4, a prerequisite to bringing his action, the judge did not err in granting the defendants' motion for summary judgment, where the plaintiff did not meet his burden, under Mass. R. Civ. P. 56 (e), of setting forth specific facts, in response to the defendants' affidavit, demonstrating the existence of a genuine issue of material fact. [177-180]

Where no facts in the record supported the plaintiff's argument in opposition to the defendant's motion for summary judgment, there was no error in the judge's granting the motion. [180]

CIVIL ACTION commenced in the Superior Court Department on January 20, 1982.

A motion for summary judgment was heard by *Peter F. Brady*, J., and entry of final judgment was ordered by *Walter E. Steele*, J. A motion to dismiss the plaintiff's appeals was heard by *Maurice Schwartz*, J., sitting under statutory authority.

[1] Christine Bourgeois. The plaintiff also named two other defendants, who are not the subject of this appeal.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William R. Sullivan* for the plaintiff.

*Joan Eldridge* for the defendant.

HENNESSEY, C.J. The plaintiff, Richard G. Dattoli, brought this action against Hale Hospital and Christine Bourgeois, a nurse at the hospital, alleging medical malpractice. The defendants filed a motion for summary judgment on the ground that the plaintiff had not first presented his claim to the hospital, a public employer, as required by G. L. c. 258, § 4. A judge granted the defendants' motion for summary judgment, and the plaintiff appealed. We took the case on our own motion.

The plaintiff argues that the judge erred in granting the defendants' motion for summary judgment, and that the final judgment ordered by a second judge dismissing the claims against fewer than all the defendants did not conform to the requirements of Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974). The defendants cross appealed, and argue that a third judge erred in denying the defendants' motion to dismiss the plaintiff's appeals. We conclude that there was no error, and affirm the judgment.

1. The final judgment dismissing the claims against the defendants Hale Hospital and Christine Bourgeois, fewer than all the defendants, stated that "there is no just reason for delay," and expressly directed the entry of judgment. The plaintiff argues that the judge was required to make findings to support that determination. See *Bragdon* v. *Bradford O. Emerson, Inc.*, 19 Mass. App. Ct. 420, 422-423 (1985); *J. B. L. Constr. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250, 252-253 (1980). In the circumstances shown here, specific findings were not required. See *Joseph A. Fortin Constr., Inc.* v. *Massachusetts Hous. Fin. Agency*, 392 Mass. 440, 441 n.2 (1984). The reasons for the judge's determination in this case are clear. There were no other claims against these defendants, nor was there substantial overlap between the issues to be decided on appeal and those remaining for trial. See *J. B. L. Constr. Co.*, *supra* at 252-253. See also *Pahlavi* v. *Palandjian*, 744 F.2d 902, 904-905 (1st Cir. 1984); *Allis-Chalmers Corp.* v.

*Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975). Finally, there does not appear to be any reason, such as judicial economy or potential prejudice to the opposing party, for requiring the defendants to wait until final judgment is entered on the claims against the other defendants. Clearly the judge did not abuse his discretion in ordering the entry of judgment.

2. The defendants appeal from the judge's denial of their motion to dismiss the plaintiff's appeals. Whether to dismiss an appeal is within the discretion of the judge. *Hawkins* v. *Hawkins*, 397 Mass. 401, 409 (1986). The judge denied the motion to dismiss the appeals after a hearing. We have not been provided with a transcript of the hearing on the motion, and nothing in the record indicates that this case is an appropriate occasion for the exercise of our equitable power under Mass. R. A. P. 3 (a), as appearing in 378 Mass. 927 (1979). *McCarthy* v. *O'Connor*, 398 Mass. 193, 200 (1986). *Hawkins* v. *Hawkins, supra* at 409. There has been no showing that the judge abused his discretion in denying the motion.

3. The plaintiff contends that the judge erred in granting the defendants' motion for summary judgment. General Laws c. 258 provides that, prior to bringing suit against a public employer, a claimant must present the claim "in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose." G. L. c. 258, § 4.[2]

The plaintiff argues that a genuine issue of material fact existed as to whether the hospital was a public employer. The plaintiff concedes that no notice of his claim was presented as

---

[2] General Laws c. 258, § 1, defines "public employer" as: "the commonwealth and any county, city, town, educational collaborative, or district, including any public health district or joint district or regional health district or regional health board established pursuant to the provisions of section twenty-seven A or twenty-seven B of chapter one hundred and eleven, and any department, office, commission, committee, council, board, division, bureau, institution, agency or authority thereof which exercises direction and control over the public employee, but not a private contractor with any such public employer, the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, the Massachusetts Turnpike Authority, or any other independent body politic and corporate."

required by G. L. c. 258, § 4, and that the only issues are whether Hale Hospital is a public employer and whether Bourgeois is a public employee under c. 258.

"[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). "[T]he inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *Hub Assocs.* v. *Goode*, 357 Mass. 449, 451 (1970), quoting *United States* v. *Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The defendants submitted an affidavit from the mayor of Haverhill stating that Hale Hospital was wholly owned and operated by the city, that Bourgeois was an employee of Hale Hospital, and that the plaintiff had not presented a written claim as required by G. L. c. 258. In response, the plaintiff submitted an affidavit by the plaintiff's attorney, stating that Hale Hospital was not under the control and supervision of the city, and that the plaintiff had not had sufficient time for discovery to determine whether the defendants were covered under G. L. c. 258. In addition, the plaintiff submitted Haverhill city ordinances concerning the hospital, the hospital's statement of revenue and expenses for the fiscal year ending June 30, 1980, and the hospital's application for a hospital license.

Considering, as we must, only the record before the judge when he decided the motion, we conclude that the judge did not err in granting the defendants' motion for summary judgment. The plaintiff was required to set forth specific facts demonstrating a genuine issue of material fact in response to the defendants' affidavit. Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974). *Community Nat'l Bank* v. *Dawes*, 369 Mass. 550, 554 (1976). The plaintiff did not meet that burden. The affidavit of the plaintiff's attorney is not made on the basis of personal knowledge. See *Pupecki* v. *James Madison Corp.*, 376 Mass. 212, 217 n.5 (1978); *Shapiro Equip. Corp.* v. *Morris & Son*

*Constr. Corp.*, 369 Mass. 968 (1976). In addition, neither the ordinances nor the financial records submitted by the plaintiff raise a question of material fact whether Hale Hospital is a public employer.

The plaintiff contends that the hospital is exempted from the definition of public employer in c. 258 as an "independent body politic and corporate." G. L. c. 258, § 1. See *Kargman* v. *Boston Water & Sewer Comm'n*, 18 Mass. App. Ct. 51 (1984). The Appeals Court in Kargman articulated two characteristics which identify "independent" public corporations: financial and political independence. *Id.* at 56-57. Nothing in the record suggests that the hospital had financial and political independence of the sort described in *Kargman*. The organization and management of the hospital, as set forth in the ordinances, is consistent with control by the city, both in appointments to the board of trustees by the mayor and in accountability to the mayor and city council. Contrast *Kargman, supra* at 57-58. Statute 1931, c. 123, § 2, authorizes the city, and not an independent board, to establish and maintain the hospital, and to accept property from the predecessor hospital. Employees of the predecessor hospital became employees of the city. *Id.* In addition, the city, not the board itself, was authorized to issue bonds to finance the hospital. St. 1931, c. 123, § 4. Finally, the statute provides: "The management and control of all property received under this section shall be in said city through the trustees designated in section three." St. 1931, c. 123, § 2.

We do not agree with the plaintiff's contention that financial independence is demonstrated by the financial records showing that the hospital had operated at a profit in the two prior years. Despite the recent budgetary stability of the hospital, nothing in the record indicates that the city would not be financially obligated to pay the hospital's debts, to make up for budgetary shortfalls, and to make necessary capital expenditures. *Kargman* described much greater financial independence than shown here, including the power to issue bonds on its own credit without prior approval by another governmental body. *Kargman, supra* at 56-57. We conclude that the hospital is

not an "independent body politic and corporate." Therefore, the hospital is covered by the provisions of c. 258, and the judge did not err in granting summary judgment to the hospital. See *Spring* v. *Geriatric Auth. of Holyoke*, 394 Mass. 274 (1985). See also *Kelley* v. *Rossi*, 395 Mass. 659, 665 n.6 (1985) (trustees of health and hospitals of city "do not appear to be 'an independent body politic and corporate' "); *Johnson* v. *Trustees of Health & Hosps. of Boston*, 23 Mass. App. Ct. 933, 934-935 (1986).

The plaintiff argues that, even if the hospital is a public employer, Bourgeois performed her nursing duties under the direction and control of a private corporation which operated the emergency room under a contract with the hospital. No facts in the record presented to the judge support this contention. The judge did not err in concluding that, as an employee of the hospital, Bourgeois was entitled to summary judgment. See G. L. c. 258, § 2.

*Judgment affirmed.*