VOLTERRA, J.
INTRODUCTION
Dynamic fitness Products, Inc. (“Dynamic”), is seeking partial summary judgment as to the liability of R.P.M., Inc. (“RPM”) for breach of contract. Dynamic is in the business of acting as a sales representative for various manufacturers of fitness equipment. One such manufacturer is Bodymasters, Inc. (“Bodymasters”), whose equipment Dynamic has an exclusive right to sell in the Northeastern United States.
RPM sells fitness equipment in the New England area. In September 15, 1990, Dynamic and RPM entered into a written Representation Agreement (“the Agreement”) under which Dynamic subcontracted to RPM its exclusive right to sell Bodymasters fitness equipment in New England. The Agreement included a clause calling for .arbitration in case of a dispute. At that time Dynamic was not certified to do business in Massachusetts.
Under the Agreement RPM had an obligation to order through Dynamic certain fitness-related products specified on Schedule A of the Agreement. The parties were to split equally all net profits deriving from the sales of such products. Early in the parties’ relationship, RPM ordered many products through Dynamic. Later, however, RPM stop ordering through Dynamic and induced Dynamic to believe that its business in such products became insignificant and unprofitable.
DISCUSSION
The discovery in this case demonstrates that RPM did not abide by its contractual obligation to order those products through Dynamic and split the commissions. RPM was not excused from its contractual obligation to order Schedule A products through Dynamic. Dynamic’s position is that summary judgement should be granted in its favor because there are no disputed facts as to RPM’s liability for breach of contract.
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
In the case at the bar, Dynamic has presented evidence which was not challenged by RPM. RPM does not deny the existence of the Agreement and the fact that it imposed an obligation upon it to order Schedule A products through Dynamic. Furthermore, RPM acknowledges that it once honored this obligation, but in time figured out that it made no sense to continue doing so where it could buy the products directly from the manufacturers at lower cost. RPM does not dispute that it has breached its contract with Dynamic. RPM, in response to Dynamic’s motion for summary judgment fails to set forth specific facts demonstrating a genuine issue of material fact. Dattoli v. Hale Hospital, 400 Mass. 175, 178 (1987). RPM argues first, that Dynamic can not maintain an action in Massachusetts because it has never filed a certificate of doing business pursuant to G.L.c. 181, s. 4, which requires that *597 “[e]veiy foreign corporation doing business in the Commonwealth” must file such a certificate with the Secretary of the Commonwealth. RPM relies on G.L.c. 181, s. 9, which provides that “no action shall be maintained or recovery had in any of the courts of the commonwealth by the foreign corporation as long as such failure [to file a certificate] continues.” However, Dynamic has filed a certificate of doing business in Massachusetts.
Second, RPM argues that according to the Agreement any disputes between the two parties should first be submitted to arbitration. In the case at the bar, RPM does so after one year after RPM itself instituted this litigation. Extensive discovery has already occurred. This is inconsistent because a party to a contract containing an arbitration clause will not be heard to invoke its rights to arbitration if it has submitted claims covered by the arbitration clause to litigation. Home Gas Corp. Of Massachusetts, Inc. v. Walter’s of Hadley, Inc., 403 Mass. 772, 778 (1989).
In like fashion, RPM has instituted litigation in this court of its claim against Dynamic for breach of the Representation Agreement despite its arbitration clause. Also, it is significant that RPM did not previously invoke the arbitration clause in the extensive litigation travel of this case.
In the case at the bar, RPM has failed to carry the burden of a party opposing summary judgment, namely, “to go beyond the pleading and by [its] own affidavits, or by the ‘depositions, answers to interrogatories and admissions on file,’ designate ‘specific facts showing that there is a genuine issue for trial.’ ” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991).
Accordingly, based upon the foregoing reasons, Dynamic’s motion for summary judgment as to RPM’s liability for breach of contract for failure to order Schedule A products through Dynamic and split net profit with Dynamic, is ALLOWED.
ORDER FOR JUDGMENT
Based upon the foregoing, it is hereby ordered that Dynamic Fitness Products, Inc.’s Motion for Partial Summary Judgment is ALLOWED.