Merrick, PJ.
This is an action to recover G.L.c. 90, §34M Personal Injury Protection (“PIP) benefits and G.Lc. 93A multiple damages and attorney’s fees for the defendant’s refusal to make full payment of the plaintiff’s claim for medical expenses for injuries sustained while he was a passenger in an automobile insured by the defendant. Judgment was entered for the defendant, and the plaintiff filed this Dist./Mun. Cts. R. A. D. A, Rule 8C appeal on a single charge of error in the trial court’s admission of hearsay testimony by the defendant’s claim supervisor.
The plaintiff’s health care providers submitted for services totaling $2,944.69. Defendant Metropolitan Property & Casualty Insurance Co. (“Metropolitan”) paid $2,696.69, leaving a balance of $248.00 in charges by Holy Family Hospital which Metropolitan determined to be in excess of the “reasonable” expenses recoverable under G.Lc. 90, §34M and the insurance policy. Metropolitan’s analysis of the reasonable value of the hospital services in question was made by Kathleen Keohane, a claim supervisor in Metropolitan’s “no fault” (PIP) claims department. The trial judge credited Ms. Keohane with expertise in the field of medical expense evaluation based upon her nineteen years of experience, review of thousands of insurance claims for medical expenses and her proficiency with Metropolitan’s Provider Bill Audit (“PBA”) computer software program.
In the PBA Metropolitan inputs all bills and charges for services by medical providers which it receives for payment, both in the local geographical area and nationally. Various common treatments are identified individually by a “Common Procedure Terminology” (“CPT”) code number utilized nationally by both health care providers and insurers to classify the majority of medical procedures. See Green v. Blue Cross & Blue Shield of Mass. Inc., 1996 Mass. App. Div. 165, 166 n. 2. Based on its extrapolation from the charges made by other area health providers for the same CPT code, the PBA recommends a figure as the reasonable cost for a medical service. See Nhem v. Metropolitan Prop. & Cas. Ins. Co., 1997 Mass. App. Div. 84, 87 n. 4, aff’d 45 Mass. App. Ct. 1102 (1998). The difference between the amounts charged by Holy Family Hospital and those paid by Metropolitan in this case related to two charges for X-rays. For an X-ray of the lower spine, CPT No. 72100, Holy Family Hospital charged $182.00 and the PBA recommended $79.00. For an X-ray of the neck and spine, CPT No. 72040, Holy Family Hospital charged $229.00 and the PBA recommended $84.00. There was no objection to the testimony by Ms. Keohane as to the foregoing. Ms. Keohane further testified that after such fee review, she adopted the PBA figures as “reasonable compared to all the *188 other bills that we see within the area.”
Metropolitan's counsel then asked Ms. Keohane to state the amounts billed to Metropolitan at that tíme by other area hospitals for the same CPT codes. Over the plaintiffs objection, Ms. Keohane was allowed to testify that for CPT No. 72100, Lawrence General Hospital, Hale Hospital, J.B. Thomas Hospital and the Lahey Clinic Foundation charged, respectively, $122.00, $90.00, $71.00 and $67.00, and for CPT No. 72040, again respectively, $122.00, $86.00, $66.00 and $66.00. The sole basis for the plaintiffs present appeal is the trial courfs admission into evidence of this testimony concerning area hospital charges.
The plaintiff has properly refrained from challenging the admission of the results of the PBA program. “The function of computer programs like [PBA] ‘is to perform rapidly and accurately an extensive series of computations not readily accomplished without use of a computer.’” Commercial Union Ins. Co. v. Boston Edison Co., 412 Mass. 545, 549 (1992), quoting from Schaeffer v. General Motors Corp., 372 Mass. 171, 177 (1977). Our courts have long permitted the use of computer models to assist the fact finder “in cases not easily susceptible of other forms of proof.” Id. See also Nhem v. Metropolitan Prop. & Cas. Ins. Co., supra at 87. Nor does the plaintiff challenge Ms. Keohane’s testimony as to her opinion of what constituted “reasonable” charges on the grounds that such opinion was based upon hearsay information concerning the other hospitals’ charges. An expert may testify to an opinion, based upon facts or data not in evidence, if the facts or data would be “independently admissible... and [are] of the sort that experts in the specialty reasonably rely on in forming their opinions....” Department of Youth Services v. A Juvenile, 398 Mass. 516, 531-532 (1986). Rather, the plaintiff objects solely to the admission of Ms. Keohane’s testimony as to the area hospital charges, the data underlying her opinion, on the grounds of hearsay.[1]
The “basic rule relating to expert testimony” as to value is that “[a]n expert may testify to value although his knowledge of details is chiefly derived from inadmissible sources, because he gives the sanction of his general experience. But the fact that an expert may use hearsay as a ground of opinion does not make the hearsay admissible.” General Elec. Co. v. Board of Assessors of Lynn, 393 Mass. 591, 600-601 (1984). It is also settled, however, that it is within the broad discretion of the trial judge to admit testimony of an expert as to the “comparables” on which he based an opinion of value for the limited purpose of laying a foundation for that opinion, where the accuracy of the data or the expert’s qualifications are not in dispute. Anthony’s Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 479-481 (1991); Donaghue v. Draper, 22 Mass. App. Ct. 30, 37-38 (1986).
Moreover, testimony as to the defendant’s hearsay knowledge of charges by other hospitals for the same services would also have been admissible on the plaintiff’s G.L.c. 93A claim to show the defendant’s “knowledge and intent.” Noyes *189 v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 726 (1979). A general objection to evidence need not be sustained, if the evidence is competent for any purpose; if the evidence is admissible only for a limited purpose, the objecting party must request that limitation from the judge. Commonwealth v. Errington, 390 Mass. 875, 882 (1984); Solomon v. Dabrowski, 295 Mass. 358, 359 (1936).
There being no error, the plaintiffs appeal is dismissed.
So ordered.

 Oddly, the plaintiff also argues in his brief that admission of the hearsay testimony was in violation of both the Proposed Massachusetts Rules of Evidence and the Federal Rules of Evidence. The Federal Rules obviously have no application here. As to the Proposed Massachusetts Rules, the Supreme Judicial Court has observed: “Although we have declined to adopt the Proposed Rules as a whole, we have noted their value as a comparative standard to the common law evolution of our evidentiary law ... and have invited parties to cite the rules in their briefs.” Commonwealth v. Daye, 393 Mass. 55, 66 (1984). Metropolitan’s own data compilation of amounts charged to it for certain services by area hospitals would be admissible for all purposes under Rule 803(6) of the Proposed Massachusetts Rules of Evidence, although the Supreme Judicial Court has decided not to adopt that Rule, at least for medical records, preferring instead to rely on G.L.C. 233, §79G. Grant v. Lewis/Boyle, Inc., 408 Mass. 269, 274 (1990).