Curtin, J.
This is a G.L.c. 90, §34M action to recover Personal Injury Protection (“PIP”) payments for medical services provided by the plaintiff to defendant Jean Pierre Gladimy who was injured while a passenger in a vehicle insured by defendant Metropolitan Property and Casualty Insurance Co. (“Metropolitan”). Summary judgment was entered for Metropolitan, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8A.
The plaintiff filed two small claims actions against Gladimy and Metropolitan[3] which were transferred to the regular civil docket on Metropolitan’s motion, and apparently consolidated, in January, 1999. Prior to suit, Metropolitan had paid the plaintiff a total of $3,506.00 in PIP benefits for all of the bills submitted for Glad-imy’s treatment. The plaintiff alleges in this action that an additional $694.00 in charges for that treatment remain unpaid.
On July 7,1999, Metropolitan filed a Mass. R Civ. P., Rule 56, motion for summary judgment and a lengthy supporting affidavit by Kathleen Keohane (“Keohane”), a Metropolitan claims supervisor. The specific facts set forth in the Keohane affidavit demonstrated that PIP payments had been made for all reasonable medical expenses incurred by Gladimy. Nine weeks later, on the day of the motion hearing, the plaintiff attempted to file an unsigned affidavit by an Alexander Katz (“Katz”), who was not identified in the text of the document or shown to have any connection with the plaintiff or this litigation. On September 13,1999, the trial court allowed, after hearing, Metropolitan’s motions to strike the unsigned Katz affidavit and for summary judgment.
On September 21,1999, the plaintiff filed a motion for reconsideration which reiterated its arguments in opposition to summary judgment The plaintiff resubmitted the earlier Katz affidavit this time with the affiant’s signature, and filed a second, ten-page Katz affidavit based on the affiants information and belief,[4] and consisting to a signifi *198 cant extent of arguments taken verbatim from the plaintiffs motion and of conclusory assertions. The plaintiffs motion for reconsideration was denied on December 21,1999.
There was no error.
1. To recover on ¡its G.L.c. 90, §34M claim for PIP reimbursement for medical charges, the burdefi of proof was on the plaintiff to establish that the services it provided were necessary and that the bills or fees for such services were reasonable. Victum v. Martin, 367 Mass. 404, 408 (1975); Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 71. The medical necessity of the plaintiffs services was undisputed, and the sole matter at issue between the parties was the reasonableness of the plaintiffs fees for those services.
Pursuant to Rule 56(c), Metropolitan advanced evidence in the form of the Keo-hane affidavit which negated an essential element of the plaintiffs case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). In addition to detailing the bills submitted by the plaintiff and the PIP payments made by Metropolitan, the affidavit referenced Metropolitan’s use in its fee reviews of an “automated cost containment software program designed and developed by ADP Integrated Systems, Inc.” to determine the reasonable charges for medical treatment claims. Attached to the affidavit were copies of Metropolitan’s claim/reimbursement records for this case, and charts prepared by Metropolitan’s counsel which showed the range of charges by professionals in the area for the same services provided by the plaintiff. The charts illustrated that the plaintiffs fees were well in excess of the amounts charged by all other area professionals for each service at issue in this case.
We note that the Keohane affidavit was patently flawed. Other than describing the affiant as a Metropolitan “supervisor,” the affidavit failed to show affirmatively that Keohane was competent to testily to the matters she asserted. Samuel v. Brooks, 25 Mass. App. Ct. 421, 429 (1988); Sanabia v. Travelers Ins. Co., 1999 Mass. App. Div. 46, 47-48.[5] The attachment copies were not certified as required by Rule 56(c). Id. at 48. The fee charts, and indeed most of the averments, were hearsay. However, the plaintiff failed to object or move to strike the Keohane affidavit or any portions thereof. The motion judge was thus free to consider the affidavit and its attachments in their entirety in ruling on Metropolitan’s summary judgment motion. Madsen v. Erwin, 395 Mass. 715, 721 (1985); Jackson v. Commissioner of Correc., 39 Mass. App. Ct. 566, 568 n.4 (1995). He obviously did so.
Taken at face value, the Keohane affidavit indicated that Metropolitan had utilized a rational methodology in determining the reasonable charge for each of the services at issue herein, see Boston v. John Hancock Mut. Life Ins. Co., 35 Mass. App. Ct. 318, 320 (1993), and that the plaintiffs’ fees for such services were well in excess of those reasonable charges. The plaintiff failed to respond to Metropolitan’s motion with any competent evidence of specific facts demonstrating a genuine issue for trial. See Doe v. Liberty Mut. Ins. Co., 423 Mass. 366, 368 (1996); Bergendahl v. Massachusetts Elec. Co., 45 Mass. App. Ct. 715, 718-719 (1998). The unsigned Katz affidavit was not “in a form appropriate for consideration on a motion for summary judgment.” Roe v. Federal Ins. Co., 412 Mass. 43, 44 n.4 (1992). The affidavit not only failed to demonstrate that the purported affiant had any personal knowledge of the matters set forth, Dattoli v. Hale Hosp., 400 Mass. 175, 178 (1987), but also neglected to identify Katz in any way. The averments set forth in the unsigned document consisted of nothing more than unsupported, conclusory statements of opinion. Indeed, the plaintiff has not presented any argument on this appeal challenging the propriety of the court’s allowance of Metropolitan’s motion to strike the Katz affidavit.
2. The plaintiff did not file a Rule 56(f) affidavit and request for a continuance of Metropolitan’s summary judgment motion on the grounds that additional time was *199 needed to obtain either a competent, signed affidavit from Kate or any other opposition evidence. See Brick Constr. Corp. v. CEI Develop. Corp., 46 Mass. App. Ct. 837, 840 (1999); Altman v. Mesbahi, 1999 Mass. App. Div. 130, 132. The plaintiff was not, therefore, entitled to reconsideration of the allowance of Metropolitan’s Rule 56 motion on the basis of additional Kate affidavits which obviously could have been obtained earlier. Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 458-459 (1997).
It is settled that where “there has been no change of circumstances, a judge is not obligated to reconsider a prior ruling; the decision to do so rests within the judge’s discretion.” Baybank v. Dirico, 1996 Mass. App. Div. 30, 31-32, citing Chase Precast Corp. v. John J. Paonessa Co., 409 Mass. 371, 379 (1971). The incompetent Katz affidavits did not constitute newly discovered or previously unavailable evidence, see Asian American Civic Assn. v. Chinese Consol. Benev. Assn. of New England, Inc., 43 Mass. App. Ct. 145, 152 (1997), and the plaintiff advanced no other
fact or circumstance which had not existed or prevailed at the time of the hearing of the previous motion. Accordingly, the judge was not obligated to reconsider his earlier ruling, and the bare denial of the second motion does not warrant an inference that he did so. Peterson v. Hopson, 306 Mass. 597, 599, 600, 602 (1940).
Old Colony Bank & Trust Co. of Middlesex County v. Tacey Transport Corp., 10 Mass. App. Ct. 825, 827 (1980). There was no abuse of discretion in the denial of the plaintiff’s motion for reconsideration.[6]
Appeal dismissed.
So ordered.

 Blue Hill Physical Therapy v. Metropolitan Prop. & Cas. Ins. Co. and Jean Pierre Gladimy, Dorchester #9807-SC-1800; and Mattapan Medical, d/b/a Blue Hill Physical Therapy v. Metropolitan Prop. & Cas. Ins. Co. Dorchester #9807-SC-1806.

 The affidavit was qualified by the following introductory assertion: ‘The facts stated herein are based upon my own personal knowledge, but to the extent that they are based upon belief and understanding that [sic] I reasonably believe them to be true and correct.” Affidavits made on information and belief “are to be disregarded in considering a motion for summary judgment.” TLT Const. Corp. v. A. Anthony Tappe & Assoc., Inc., 48 Mass. App. Ct. 1, 11 (1999). See also White v. University of Mass. at Boston, 410 Mass. 553, 558 (1991).

 Compare the foundation laid for Keohane’s testimony in Fabian v. Metropolitan Prop. & Cas. Ins. Co., 1998 Mass. App. Div. 187.

 Had the second Kate affidavit been in a proper form acceptable under Rule 56, and had it been submitted in a timely fashion when the question of summary judgment was before the court, the information set forth therein may well have been sufficient to defeat Metropolitan’s motion. When viewed in the light most favorable to the plaintiff, Miller v. Mooney, 431 Mass. 57, 60 (2000); Taveras v. Rodriquez, 2000 Mass. App. Div. 39, 40, the affidavit contained specific challenges to the conceptual accuracy and implementation of Metropolitan’s computerized fee review methodology, and referenced the alternative system utilized by the plaintiff to determine the reasonable amount of fees for its services. See Boston v. John Hancock Mut. Life Ins. Co., supra at 320.