Houston, J.
The plaintiff, Signature Financial Group, Inc. (“Signature”), has brought suit against the defendant, Philip Coolidge (“Coolidge”), seeking to collect on a promissory note, a demand note and salary advances made to Coolidge while he was the Chief Executive Officer (“CEO”) of Signature. Coolidge has counterclaimed against the plaintiff and counterclaim defendants, Linwood Downs, Leeds Hackett and Ronald Brackett,[2] alleging breach of contract (Count I), breach of fiduciary duty (Count II), abuse of process (Count III), violation of G.L.c. 93A (Count IV), and interference with a prospective contract (Count V). On October 29, 2002, the court (Muiphy, J.) granted partial summary judgment for the plaintiff on its demand note claim, denied the defendant’s cross motion for summary judgment and granted the counterclaim defendants’ motion to dismiss Counts II-V of the defendant’s counterclaim. The counterclaim defendants now move the court, pursuant to Mass.R.Civ.P. 54(b), to enter a separate and final judgment on the court’s order dismissing Counts II-V of the defendant’s counterclaim. The counterclaim defendants also move the court, pursuant to G.L.c. 231, 59H (the anti-SLAPP statute), for an award of attorney fees and costs as a result of its successful motion to dismiss Counts II-V of the defendant’s counterclaim. For the reasons set forth below, the counterclaim defendants’ motions are ALLOWED.
BACKGROUND
The defendant, Coolidge, is a former CEO and member of the board of directors for the plaintiff, Signature, a mutual fund business. On April 3, 2002, Signature filed this complaint alleging breach of contract (Count I) and accounts annexed (Count II). In its verified complaint the plaintiff alleged three separate breaches of contract. First, Signature alleged that on December 7, 1988 it entered into a Stock Subscription Promissoiy Note with Coolidge in the amount of $122,400 with an annual twelve percent interest rate. Signature claimed that although Coolidge had paid some of the note, he still owed $93,501 in principal and interest. Second, Signature asserted that on April 1, 1995 it entered into a Credit Agreement and Demand Note with Coolidge in the amount of $200,000 with no interest. Signature alleged that Coolidge has failed to pay any portion of this note. Third, Signature claimed that pursuant to an agreement with Coolidge, Signature paid life insurance premiums for Coolidge in the amount of $78,664 and paid Coolidge $56,000 in salary advances.
On May 8, 2002, Coolidge filed his answer and five-count counterclaim. As defenses to Signature’s complaint, Coolidge asserted that the plaintiff acted ultra vires by initiating the litigation without the board’s approval, that Signature’s breach of contract claim on the December 7, 1988 promissoiy note was time barred, and that Signature’s remaining claims were not debts because they were intended to act as compensation substitutes. Count I of Coolidge's counterclaim alleged between approximately $325,000 and $400,950 in damages as a result of Signature’s failure to pay Coolidge accrued vacation, personal expenses incurred and severance. Counts II-V alleged that Signature initiated this litigation to prevent Coolidge from refinancing his home and using that money to infuse some capital into the struggling business.
On July 16, 2002, the counterclaim defendants filed a special motion to dismiss Counts II-V of the defendant’s counterclaim. The counterclaim defendants argued that Counts II-V were subject to dismissal under G.L.c. 231, 59H, the claims were improper under Mass.R.Civ.P. 13(h), and the counts against Ronald Brackett were improper because he owed no duly to Signature. On October 29, 2002, the court (Murphy, J.), without a statement of reasons, granted the counterclaim defendants’ motion to dismiss Counts II-V of the defendant’s counterclaim.
DISCUSSION
I. RULE 54(b)
Massachusetts Rule of Civil Procedure 54(b) provides, in pertinent part,
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.
“The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all the parties until the final adjudication of the entire case by making an immediate appeal available.” Long v. Wickett, 50 Mass.App.Ct. 380, 384 n. 5 (2000), quoting 10 Wright, Miller & Kane, Federal Practice and Procedure 2654, at 33 (1998). It attempts to balance Massachusetts’ “bedrock policy against premature and piecemeal appeals” with “the need for prompt appellate review to avoid delay and resulting injustice.” Long, 50 Mass.App.Ct. at 384 n. 5, 388.
Certification under Rule 54(b) is an “infrequent” exception that “should be used only ‘in the infrequent harsh case.’ ” Id. at 388-89, quoting Panichella v. Pennsylvania R.R. Co., 252 F.2d, 452, 455 (3rd Cir. 1958). The court should not grant certifications “routinely or as a courtesy or accommodation to counsel.” *178 Id. at 389. In order to certify under Rule 54(b), “(1) the action must involve multiple claims or multiple parties ; (2) there must be a final adjudication as to at least one, but fewer than all, of the claims or parties; (3) there must be an express finding that there is no just reason for delaying the appeal until the remainder of the case is resolved; and (4) there must be an express direction of the entry of judgment.” Id. at 385-86. Where, however, there are no other claims against parties who have succeeded on a motion to dismiss and there is no substantial overlap of issues, the court has the discretion to order the entry of judgment. See Dattoli v. Hale Hospital, 400 Mass. 175, 176 (1987).
Count I of the defendant’s counterclaim only relates to Signature. It does not state a claim against the other counterclaim defendants. Furthermore, Linwood Downs, Leeds Hackett and Ronald Brackett are not plaintiffs to this action. Since there are no other claims against Linwood Downs, Leeds Hackett and Ronald Brackett and no substantial overlap between the claims, the court grants the counterclaim defendants’ motion for entry of separate and final judgment on Counts II-V of the defendant’s counterclaim. The court further orders the entry of judgment for the counterclaim defendants on Counts II-V of the defendant’s counterclaim.
fi. ATTORNEY FEES
The counterclaim defendants have also moved the court, pursuant to G.L.c. 231, 59H (the anti-SLAPP statute) for attorney fees and costs it incurred in connection with its motion to dismiss Counts II-V of the defendant’s counterclaim. The defendant does not contest that the plaintiff is automatically entitled to reasonable attorney fees and costs under G.L.c. 231, 59H. See Office One, Inc. v. Lopez, 437 Mass. 113, 126 (2002) (holding that an award of attorneys fees is “mandatory for successful special motions” to dismiss pursuantto G.L.c. 231, 59H). The defendant, however, asks the court to defer a decision on the counterclaim defendants’ motion until all claims have been tried. The defendant also requests time to conduct discovery with respect to the counterclaim defendants’ request for fees.
The counterclaim defendants have submitted the affidavit of their attorney Joseph S. Berman which includes Mr. Berman’s invoices. Since the defendant has stated no reason of prejudice or injustice as to why the plaintiff s claim should be deferred and the counterclaim defendants have submitted the invoices of counsel, the court does not find it necessary to comply with the defendant’s request for a deferral. After reviewing Mr. Berman’s invoices, the court grants the counterclaim defendants’ motion for attorney fees and costs in the amount of $5,638.08.[3]
ORDER
For all of the reasons set forth above, the counterclaim defendants’ motion to enter a separate and final judgment on the court’s order dismissing Counts II-V of the defendant’s counterclaim is ALLOWED. The court further ORDERS that judgment shall enter for the counterclaim defendants on Counts II-V of the defendant’s counterclaim.
The counterclaim defendants’ motion for attorney fees and costs is ALLOWED. The court further ORDERS that judgment shall enter for the counterclaim defendants in the amount of $5,638.08.

 Linwood Downs and Leeds Hackett are shareholders and members of Signature’s board of directors. Ronald Brackett is a shareholder of Signature.

 Mr. Berman’s invoices include an entry for June 27, 2002 which states that two hours of work were done. A description of the work performed, however, indicates that only one hour of that was used to work on the reply brief for the motion to dismiss. The remaining time was used to prepare the cross-motion for summary judgment, which is not the proper subject of the defendant’s motion for attorney fees and costs. The court has reduced the counterclaim defendants’ request to reflect that.