Curtin, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal by a medical provider of the summary judgment entered on both his G.L.c. 90, §34M complaints *99 for Personal Injury Protection (“PIP”) payments and on the defendant-insurer’s counterclaims for deceit and G.L.c. 93A violations in three actions consolidated in the trial court.
Plaintiff Lee S. Knight, D.C. (“Knight”) provided chiropractic services to Eric Im (“Im”), Roen Sam (“Sam”) and Jennifer Yi (‘Yi”) for injuries they sustained in an August 23,1997 automobile accident as passengers in a vehicle insured under a standard Massachusetts automobile insurance policy purchased from defendant Metropolitan Property & Casualty Insurance Company (“Metropolitan”). Metropolitan paid only a portion of the medical bills submitted for Knight’s treatment of Im, Sam and Yi (collectively, the “patients”); and in January of 2000, Knight commenced the first of three suits to recover unpaid PIP benefits in the amounts, respectively, of $1,395.00 for Im, $2,155.00 for Sam and $1,345.00 for Yi, plus the interest, costs and attorney’s fees provided for in G.L.c. 90, §34M. Metropolitan successfully moved for the transfer of Knight’s initial small claims case to the regular civil docket, for the consolidation of the three actions and for leave to file an amended answer as well as counterclaims against Knight for alleged G.L.c. 93A, §11 violations and fraud and deceit.
In August, 2002, Metropolitan filed a motion for summary judgment supported by the affidavits of two of its employees. The first affidavit was by Aaron Gage (“Gage”), a claims adjuster who assumed custody of the company file on Seth Yi, Metropolitan’s insured, in May, 2002. Gage averred that Metropolitan had hired a chiropractor, Wendy Caro, D.C. (“Caro”), to conduct a record review of each of the three patients’ PIP claims. Averring that he had “reviewed” Caro’s reports, Gage stated in conclusory terms that it was Caro’s medical opinion that there were “inconsistencies” between Sam’s physical complaints and the treatment provided by Knight, that the medical services provided to Yi were excessive, that the treatment provided to Im “appeared” to be excessive, and that the records maintained by Knight for all three patients “did not meet the standards of chiropractic record keeping.” Gage’s affidavit also stated that Metropolitan’s payments in the amounts of $1,120.00 for Sam, $885.00 for Yi and $750.00 for Im were for what Gage characterized as the “reasonable and necessary medical treatment provided by Knight. Caro’s 1998 record reviews were not attached to Gage’s affidavit and Metropolitan failed to offer an affidavit from her.[1]
Metropolitan’s second affidavit was submitted by Matthew Griffin (“Griffin”), an investigation supervisor assigned to investigate the defendant’s insured, Seth Yi, who is not a party to this action. Griffin averred that on December 29,1999, he prepared and forwarded a complaint by Metropolitan to the Board of Chiropractic Examiners (the “Board”) accusing Knight, inter alia, of “problematic billing and over-treatment of patients.” An unsigned “Draft” copy of this complaint was attached to the affidavit. The complaint set forth allegations against Knight in his treatment of not only the three patients in this case, but also 23 other individuals. Griffin averred that in response to Metropolitan’s complaint, the Board issued an Order To Show Cause on September 17, 2001, and that Knight and the *100 Board ultimately entered into a Consent Agreement dated June 5, 2002. Copies of documents bearing these captions were attached to Griffin’s affidavit, but the copies were neither sworn, nor certified. Griffin further averred that the Consent Agreement
suspended [Knight’s] license for a period of one year, based upon [his] admission he overtreated Roeun Sam, Jennifer Yi and Eric Im.... Lee S. Knight admitted he engaged in the over-utilization of practice by rendering treatment to Roeun Sam, Jennifer Yi and Eric Im.
No such admissions are set forth in the document captioned “Consent Agreement.”
In opposition to Metropolitan’s summary judgment motion, Knight submitted his treatment bills and records for all three patients which were signed under the pains and penalties of perjury pursuant to G.L.c. 233, §79G. Knight also moved to strike the Gage and Griffin affidavits and their attachments as “incompetent, hearsay and conclusory.” The trial court denied Knight’s motion and granted summary judgment to Metropolitan on both its counterclaims and Knight’s complaint. No hearing for the assessment of damages was held. Metropolitan was instead awarded $54,704.81 in damages, plus $11,528.48 in interest, solely on the basis of additional affidavits by Gage and Griffin.[2] This appeal followed.
1. It is elementary that summary judgment may be granted only when the moving party has established both the absence of a genuine issue of material fact and its entitlement as a matter of law to judgment in its favor. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Knight contends that as the record is devoid of any competent evidence demonstrating Metropolitan’s entitlement to summary judgment on his G.L.c. 90, §34M complaint, the allowance of Metropolitan’s Mass. R. Civ. P., Rule 56, motion was error. We agree.
The dispositive issue on Knight’s complaint for unpaid PIP benefits for medical services to patients covered by a Metropolitan automobile policy were whether the treatment provided was medically necessary and whether the charges for such treatment were fair and reasonable. Mattapan Medical v. Metropolitan Prop. & Cas. Ins. Co., 2000 Mass. App. Div. 197, 198. As Knight bore the burden of proof on these issues, Salafia v. Arbella Mut. Ins. Co., 2002 Mass. App. Div. 165, 167, Metropolitan could have obtained summary judgment on the complaint only by affirmatively demonstrating that Knight had no “reasonable expectation” of proving an essential element of his case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Such a demonstration required competent affidavits or other admissible evidence which satisfied the requirements of Rule 56(e). As to affidavits, Rule 56(e) unambiguously provides:
Supporting and opposing affidavits should be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the *101 matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
The materials advanced by Metropolitan neither met Rule 56(e) requirements, nor were “in a form appropriate for consideration on a motion for summary judgment.” Roe v. Federal Ins. Co., 412 Mass. 43, 44 n.4 (1992).
In the first affidavit, Gage’s restatement, in conclusory terms, of what he asserted were Dr. Caro’s medical opinions was rank hearsay. Contrary to Metropolitan’s contention, hearsay will not support a motion for summary judgment, Symmons v. O’Keefe, 419 Mass. 288, 295 (1995), and a judge enjoys no discretion to accept or consider hearsay once an appropriate motion to strike has been filed by the Rule 56 opposing parly. TLT Construc. Corp. v. A. Anthony Tappe & Assocs., 48 Mass. App. Ct. 1, 11-12 (1999). The mere fact that Caro’s record reviews were contained in the company files of which Gage was the custodian did not qualify him to attest to the truth of Caro’s medical opinions. Sanabia v. Travelers Ins. Co., 1999 Mass. App. Div. 46, 48. Nor is there anything in Gage’s affidavit which remotely suggests that, as a claims adjuster, he was competent to express a medical opinion as to what portion of Knight’s chiropractic treatment of the patients was necessary or reasonable. In short, the Gage affidavit was not based on personal knowledge, did not set forth admissible evidence, see Godbout v. Cousens, 396 Mass. 254, 257 (1985), and did not show affirmatively Gage’s competence to testify to the matters recited therein. See generally Samuel v. Brooks, 25 Mass. App. Ct. 421, 429 (1988). The denial of Knight’s motion to strike Gage’s affidavit was error.
As to Griffin’s affidavit, copies of Board documents attached thereto were not sworn or certified as required by Rule 56(e) and should thus have been stricken upon Knight’s motion. Metropolitan’s contention that the Consent Agreement was admissible under the “official records” exception to the hearsay rule simply begs the preliminary question of whether, in the absence of the necessary certification, the document was in fact an “official record.” As Griffin was not a party to a Consent Agreement between Knight and the Board, he lacked the requisite personal knowledge to testify as to its contents. See generally Dattoli v. Hale Hospital, 400 Mass. 175, 178 (1987). In the absence of any indication in his affidavit that he was a chiropractor or other medical expert, Griffin was unqualified to express conclu-sory opinions that Knight’s medical practices violated any of the Massachusetts Regulations governing chiropractors. See Stanton Industries, Inc. v. Columbus Mills, Inc., 4 Mass. App. Ct. 793, 794 (1976). Finally, his interpretation of the Consent Agreement as a binding admission by Knight of excessive treatment or over-utilization of practice in the specific cases of the three patients herein amounted to nothing more than the conclusory assertion of an unqualified personal opinion as to the legal effect of an agreement not in evidence. Griffin’s affidavit should have been stricken from the record. See Tinkham v. Jenny Craig, Inc., 45 Mass. App. Ct. 567, 571 (1998).
As Metropolitan failed to advance any competent evidence in support of its motion for summary judgment on Knight’s complaint, the Rule 56 burden never shifted to Knight to advance specific facts in opposition. Smith v. Massimiano, 414 Mass. 81, 86-87 (1993); Knight v. CNA Ins. Co., 2002 Mass. App. Div. 3, 6. Although not required to do so, Knight introduced his G.L.c. 233, §79G treatment bills and records which were sufficient to raise genuine issues of material fact requiring a trial on the merits of Knight’s complaint. Ny v. Metropolitan Prop. & Cas. Ins. Co., 1998 Mass. App. Div. 179, 180.
2. Metropolitan’s motion for summary judgment on its counterclaims was based almost exclusively on its assertion that the Consent Agreement between Knight and the Board constituted an admission by Knight that he had committed fraud *102 and deceit, as well as G.L.c. 93A, §11 violations, in his treatment of and billing for Im, Sam and Yi. As noted, the Consent Agreement copy should have been stricken. Moreover, even if the document could have been properly considered, it would not have entitled Metropolitan to summary judgment as a matter of law on its counterclaims.
In paragraph 2 of the Agreement, Knight admits that if the case before the Board proceeded to a full hearing, there were sufficient facts from which the Board “could” malee findings that he had violated the following Regulations: 233 CMR 4.04 (Insurance Requirements for Limited Liability Companies and Limited Liability Partnerships), 233 CMR 4.05 (Chiropractic Record Keeping), 233 CMR 4.06 (Grounds for Disciplinary Action) and 233 CMR 4.08 (Overutilization of Practice). The Agreement does not specifically refer to Im, Sam and Yi, and does not state that sufficient facts could be found in all of the 26 cases referred to the Board by Metropolitan. Metropolitan in fact alleged that Knight had violated these same professional Regulations in his treatment of at least a dozen patients other than Im, Sam and Yi. Finally, the Agreement expressly provides that the allegations of “deceit and malpractice” were withdrawn.
Accordingly, the summary judgment entered for Metropolitan is vacated, the allowance of Metropolitan’s Rule 56 motion on both the complaint and counterclaims is reversed, and this action is returned to the Lowell Division for trial. Metropolitan is ordered to pay plaintiff Knight’s costs for this appeal, pursuant to Dist./Mun. Cts. R. A. D. A., Rule 26(b) and (c), upon Knight’s submission to the trial court clerk of the required itemized bill.
So ordered.

 Metropolitan has not explained its failure to offer the Caro record reviews in support of its summary judgment motion. Approximately a year after that motion was allowed, Knight attached the record reviews as exhibits to his motion opposing Metropolitan’s attempt to obtain approximately $65,000.00 in counterclaim damages on the basis of little more than hearsay affidavits. The damages claimed included the full amount of PIP benefits paid to Knight for his initial treatment of the patients. Caro’s record reviews state, however, that there was a causal connection between the patient’s injuries and the automobile accident in question, and that at least the initial period of treatment for each of the three patients was medically necessary.

 Metropolitan’s first motion for an “assessment” of damages sought $54,704.81 based exclusively on fee and expense figures Gage claimed to have extracted from Metropolitan’s files. No supporting documentation was provided. These figures included, inter alia, legal expenses and “bodily injury losses” associated with third party tort actions between Seth Yi, the defendant’s insured, and a second individual who was apparently the driver of the other vehicle. Metropolitan then filed a supplemental motion for damages, entirely unsupported by any evidence, which sought $64,784.95 and which corrected almost all of the figures set forth in the earlier Gage affidavit. Damages were ultimately awarded on the basis of Gage’s figures. In light of our decision on Metropolitan’s Rule 56 motion, it is unnecessary to address the question of damages.