Coven, J.
This is a G.L.c. 90, §34M action by a medical provider to recover Personal Injury Protection (“PIP”) payment of the outstanding balance of allegedly fair and reasonable bills for necessary chiropractic treatment provided to the defendant’s insured.[3] Summary judgment was entered for the defendant-insurer, and the plaintiff filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal.[4]
The following facts appear undisputed: Defendant Peter Zueco (“Zueco”) sustained personal injuries in an automobile collision on October 8,1996. The vehicle he was driving was insured by defendant Commerce Insurance Company (“Commerce”) under a standard Massachusetts automobile policy providing PIP coverage. Zueco was examined and had x-rays at the emergency department of the Malden Hospital where it was concluded that Zueco had suffered both a cervical sprain and a lumbar sprain in the accident. In addition to other medical care following the accident, Zueco received chiropractic treatments at plaintiff Pain & Injury Rehab, from October 8, 1996 through February 27,1997. The total cost of the plaintiff’s services was $6,785.00. Commerce paid $4,200.00 on the plaintiff’s PIP claim by checks issued through December *110 17, 1996.[5] On January 16, 1997, Zueco underwent an Independent Medical Examination (“IME”) ordered by Commerce and performed by Allan R. Ste-ingisser, D.C. (“Steingisser”), a chiropractor. On February 8, 1997, a medical records review was conducted at Commerce’s behest by Julie K. Silver, M.D. (“Silver”), a physiatrist. Commerce denied the remainder of the plaintiff’s bills, and the plaintiff commenced a small claim action against Commerce to recover the unpaid balance.
Commerce moved successfully for the G.L.c. 218, §24 transfer of the action to the regular civil docket, and filed a Mass. R. Civ. P., Rule 56, motion for summary judgment supported by the affidavit of its casualty adjuster, Danielle Ennis (“Ennis”). The plaintiff’s opposition to Commerce’s motion included a request to strike the Ennis affidavit and its attachments as well as counter-affidavits from Dr. Anthony Mortimer (“Mortimer”), who provided chiropractic services to Zueco, from plaintiff’s attorney and from Paul Jondle (“Jondle”), the plaintiff’s “keeper of the records.” Ruling that the plaintiff’s submissions failed “to meet appropriate criteria for competence,” the trial court allowed Commerce’s motion to strike the counter-affidavits. The court thereafter allowed Commerce’s summary judgment motion on the ground that “after striking plaintiff’s affidavits due to incompetence, there is no issue of fact.” This appeal followed.
1. The burden of proof in a G.L.c. 90, §34M action is on the plaintiff-PIP claimant to establish that the treatment for which PIP payments are sought was medically necessary and that the charges for such treatment were fair and reasonable. Victum v. Martin, 367 Mass. 404, 408 (1975); Mattapan Medical v. Metropolitan Prop. & Cas. Ins. Co., 2000 Mass. App. Div. 197, 198. As Commerce would not bear the burden of proof on those dispositive issues at trial, it could have obtained summary judgment only by advancing evidence negating an essential element of the plaintiff’s case or by demonstrating affirmatively that “proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). The movant’s Rule 60 burden must be satisfied in every case as a prerequisite to summary judgment even where the opposing partyfiles improper affidavits or no opposition materials at all. See Todd v. Commissioner of Correction, Mass. App. Ct. 31, 39 (2002); TLT Construction Corp. v. A. Anthony Tappe & Assoc., 48 Mass. App. Ct. 1, 12 (1999).
In attempted satisfaction of its Rule 56 burden, Commerce offered the Ennis affidavit to which were attached, inter alia, copies of Dr. Steingisser’s IME report and Dr. Silver’s medical record review report. While these reports were each signed by their respective authors under the pains and penalties of perjury, the actual copies of the reports attached to the Ennis affidavit were not “sworn or certified” copies as mandated by Rule 56(c). Sanabia v. Travelers Ins. Co., 1999 Mass. App. Ct. 46, 48. Paragraph 2 of the plaintiff’s summary judgment opposition quoted this Rule 56(c) requirement in support of its motion to strike the Ennis affidavit and its “exhibits.” As the report copies were not authenticated in compliance with Rule 56(c), they were not in a form appropriate for summary judgment consideration and should have been *111 stricken from the record upon the plaintiffs motion.[6] Knight v. Metropolitan Prop. & Cas. Ins. Co., 2004 Mass. App. Div. _, _ (June 25, 2004).
The remaining item attached to the Ennis affidavit was a properly certified copy of an affidavit from Dr. Lajos Koncz (“Koncz”), a former principal and employee of plaintiff Pain & Injury Rehab. Koncz averred that he resigned his position with the plaintiff and did not perform any services for any patients at the plaintiffs place of business after October 7,1996. Commerce now argues that bills submitted by the plaintiff for its treatment of Zueco on nine dates between October 8 and October 23, 1996, which indicated that the treatment was provided by Dr. Koncz, were fraudulent. The problem with Commerce’s argument is that it concedes that it paid those bills in 1996. Thus the Koncz affidavit is not dispositive of the plaintiffs present action to recover PIP benefits for unpaid services provided to Zueco on later dates and by other chiropractors.[7]
In short, Commerce failed to satisfy its Rule 56 burden of demonstrating by competent Rule 56 materials that it was entitled to judgment as a matter of law because the plaintiff had “no reasonable expectation” of proving its case at trial. Kourouvocilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Commerce’s motion for summary judgment should have been denied.
2. Because the Rule 60 burden never shifted to the plaintiff to establish the existence of a material issue of fact requiring a trial on the merits, see Smith v. Massimiano, 414 Mass. 81, 86-87 (1993); Knight v. CNA Ins. Cos., 2002 Mass. App. Div. 3, 6, the plaintiff was not obligated to introduce evidence to defeat Commerce’s motion. The plaintiff did offer three affidavits which, as noted, were stricken by the motion judge. The first two were clearly incompetent. The affidavit of Dr. Mortimer professed to be a certification under oath of attached bills, records and medical reports. However, as nothing was attached to the affidavit, it was devoid of probative value. See Cruickshank v. Commerce Ins. Co., supra at _. The second affidavit by the plaintiff’s attorney was impermissibly based on information and belief rather than actual knowledge and was properly stricken as incompetent. White v. University of Mass. at Boston, 410 Mass. 553, 558 (1991); Boehm v. Arbella Mut. Ins. Co., 2003 Mass. App. Div. 115, 118.
The third “affidavit” was Jondle’s G.L.c. 233, §79G certification, as the plaintiff’s “keeper of the records”[8] and under the pains and penalties of perjury, of attached itemized bills, records and medical reports of the plaintiff’s treatment of Zueco. Section 79G “makes the bill itself evidence that the itemized services were necessary and the charges fair and reasonable.” Gompers v. Finnell, 34 *112 Mass. App. Ct. 91, 94 (1993). Further, the documents subscribed and sworn to by Jondle pursuant to §79G included the medical report of Jeffrey Zisk, M.D., attesting that the injuries sustained by Zueco in the automobile accident were resolved as of February 24,1997 due to the treatment provided by the plaintiff. The plaintiff’s §79G bills, records and reports were thus sufficient to move this case past the summary judgment stage. Ny v. Metropolitan Prop. & Cas. Ins. Co., 1998 Mass. App. Div. 179, 180.
The separate summary judgment entered for defendant Commerce Insurance Co. is vacated, the allowance of Commerce’s Rule 56 motion is reversed and this case is returned to the Peabody Division for trial.
So ordered.

 The trial court denied the plaintiff’s motion to amend its complaint to add an additional claim that the defendant-insurer’s failure to make full PIP payments violated G.L.c. 176D, §3(9) and G.L.c. 93A. The denial of that motion has not be raised by the plaintiff on this appeal.

 The plaintiff’s appeal is not interlocutory because a separate and final judgment was entered for the defendant upon the defendant’s Mass. R. Civ. P., 54(b) motion.

 The $6,785.00 figure is the plaintiff’s and is based on its bills and records which were submitted in opposition to Commerce’s summary judgment motion and are included in the record. After subtracting Commerce’s payments of $4,200.00, the plaintiff claims that there is an unpaid balance of $2,565.09. However, the plaintiff sought only $2,000.00 in damages in its small claims complaint. Commerce contends that the bills submitted by the plaintiff in its PIP claim totaled only $6,160.00, leaving an unpaid balance of $1,940.00.

 Compare Cruickshank v. Commerce Ins. Co., 2004 Mass. App. Div. _ n.2, (June 28, 2004), citing Fowles v. Lingos, 30 Mass. App. Ct. 435, 439-440 (in the absence of a motion to strike, the judge was justified in considering IME report copies which were not sworn or certified in compliance with Rule 56(c)).

 Commerce has not filed a counterclaim to recover its payment of what it now contends were fraudulent bills submitted in Koncz’s name on behalf of Pain & Injury Rehab.

 As we indicated in Cruickshank v. Commerce Ins. Co., supra at n.10, G.L.c. 233, §79G does not state that a “keeper of the records” is an “authorized agent” for the purpose of submitting medical bills and reports. However, for the purposes of this review, it may assumed that the plaintiff intended the terms to be synonymous.
Commerce also argues that the Jondle certification should have been stricken because of the affiant’s character. We see nothing in G.L.c. 233, §79G, nor does Commerce cite any authority, which suggest that the motion judge could have proceeded on that basis to disregard the evidentiary effect accorded to the bills and records by the statute.