Greco, PJ.
This is another in the series of cases between the same parties. In this case, the insured party, Kevin Inoa, was treated by Metro West Medical Associates, Inc. (“Metro West”), which commenced this action to recover unpaid Personal Injury Protection (“PIP”) payments for its services. The PIP insurer, Arnica Mutual Insurance Company (“Arnica”), paid $301.67 of Metro West’s treatment bills, and denied the balance sought (i.e., $398.33). Eight months after Metro West filed its complaint in this action, Arnica sent Metro West a check for the balance of its PIP claim. Metro West returned the check as “rejected.” Arnica then filed a motion for summary judgment, which was allowed.
Arnica filed two affidavits in support of its summary judgment motion. A “Senior Claims Supervisor” (“Supervisor”) stated under oath in the first affidavit that Arnica sent Metro West’s bills for review to BME Gateway (“Gateway”), “a company that provided medical evaluations and medical review services” and that “based upon” Gateway’s report, Arnica “determined that only $301.67 of [Metro West’s] bills was reasonable and necessary and that the remaining $398.33 of [Metro West’s] bills was not.” The Supervisor also stated that after suit was filed, Arnica “made a business decision to pay” the balance of the PIP claim. The second affidavit (from Arnica’s attorney) added nothing of substance.
Unlike the affidavits presented in the other cases in this series of cases, there was nothing in these affidavits indicating the outcome of Gateway’s review; in other words, what there was to justify Arnica’s denial of the full amount of Metro West’s PIP claim. Nor were there any attachments, in the form of Gateway records or any other records, indicating the basis for Arnica’s denial. It adds little to say a business decision was made after suit was filed. Hypothetically, the Gateway review might have shown that the treatment bills were reasonable and consequently should have been paid. Also hypothetically, the business decision might have been to pay the balance due, albeit late, in the hope that the case would end. In these circumstances, Arnica’s supporting affidavits failed to “show that there is no genuine issue as to any material fact and that [it was] entitled to a judgment as a matter of law.” Mass. R. Civ. *141 P., Rule 56(c). In the absence of such a showing, the summary judgment burden never shifted to Metro West to make a response. See Rule 56(e). Cf. N.E. Physical Therapy Plus, Inc. v. Commerce Ins. Co., 2009 Mass. App. Div. 223, 225-226; Knight v. Metropolitan Prop. & Cas. Ins. Co., 2004 Mass. App. Div. 98, 100- 101. As we said in one of the other cases in this series of cases (App. Div. No. 10-ADMS-10009), “i[t] would not be inconsistent with the holding in Fascione [v. CNA Ins. Cos., 435 Mass. 88 (2001)] to require that the insurer on the [G.L.c. 90,] §34M claim show more on summary judgment than simply that the bills have all been paid. It should also have to show that there is no genuine issue of fact concerning whether it had a valid reason not to pay, and that it paid an invalid claim for reasons unrelated to its merits....”
Accordingly, summary judgment for the defendant is vacated. The case is returned to the Haverhill Division of the District Court Department for trial. Thus, we need not address whether the plaintiff s motion to amend its complaint was properly denied.
So ordered.